### SAM GLENN *v.* THE STATE.

CRIMINAL LAW.  *Instruction.*  "*Proof.*"

  G. was being tried for murder. A witness for the State testified that he had heard G. say that he intended to kill the deceased. G., who was the only witness in his own behalf, denied having made any such statement. The court instructed the jury that in determining the credibility of any witness they might take into consideration "*proof* of his having made statements which he denies under oath." *Held*, that such instruction is erroneous, not only because it contains a suggestion of the probable falsity of G.'s testimony, but also because it assumes that the discrediting fact that statements had been made and denied under oath had been *proven*.

APPEAL from the Circuit Court of Lowndes County.

HON. W. M. ROGERS, Judge.

Sam Glenn was indicted for murder and was tried and convicted. The State introduced a number of witnesses. Glenn, the defendant, was the only witness in his behalf, and claimed to have committed the act in self-defense. The State obtained fifteen instructions, the eleventh of which was as follows:

"11. In determining the credibility of any witness the jury are

authorized to take into consideration the interest of the witness in the cause, if any is in proof, his situation and motives to commit perjury, if any is proven, proof of his having made statements which he denies under oath, and all other facts and circumstances in the case." The defendant appealed. The further facts necessary to an understanding of the case are sufficiently stated in the opinion of the court.

*S. M. & W. C. Meek*, for the appellant.

The eleventh instruction for the State is erroneous and objectionable. *Thomas' Case*, 61 Miss. 65; *Buckley's Case*, 62 Miss. 706–707; *Owen's Case*, 63 Miss. 450.

We respectfully call the attention of the court to this instruction. It worked greatly to defendant's disadvantage in this case. He had no testimony but his own. Hence, the court should have been careful not to err in the giving of instructions for the State. This instruction was aimed at defendant.

*T. M. Miller*, Attorney General, for the State.

It cannot be assumed that the eleventh instruction was directed solely against the defendant.

The jury were not told, as in Buckley's, Thomas', or Owen's case, that they should consider the temptation the defendant was under to testify falsely, or on that account that they were at liberty to disregard his testimony altogether. It cannot be denied that the jury have a right to *take into consideration* the interest, situation, and motives of a witness, and to reject the testimony if they believe from all the evidence that he has willfully sworn to material falsehoods.

ARNOLD, J., delivered the opinion of the court.

" Bloody instructions, which, being taught, return to plague the inventor." The giving of numerous instructions, drawn and passed on as they usually are, hastily, in the progress of a trial, is not of itself error, but it is very apt to lead to error. The dangerous practice of multiplying instructions for the State, in a simple case like the one before us, until fifteen were given resulted, as might have been expected, in fatal error.

The eleventh instruction given for the State, intended, no doubt, to apply to appellant, who was a witness, and the only witness, in his behalf, informed the jury that in determining the credibility of any witness they might take into consideration, among other things, "proof of his having made statements which he denies under oath." A witness for the State testified that a short time before the homicide occurred, he heard appellant say that he intended to kill the deceased. When appellant was examined as a witness on the trial, he contradicted the witness for the State, on this point, and this is the only evidence shown by the record of any statement having been made, which was afterward denied under oath. This instruction contained not only a suggestion of the probable falsity of appellant's testimony, such as was condemned in *Buckley* v. *The State*, 62 Miss. 705, and in *Thomas* v. *The State*, 61 Miss. 60, but it assumed that the discrediting fact that statements had been made and denied under oath had been proved. Such assumption was erroneous. *Wesley* v. *The State*, 37 Miss. 327. Whether such fact had been proved or not was a question for the jury and not for the court to determine.

The instruction confounds the distinction between evidence and proof. They are not synonymous terms. There may be evidence without proof. Evidence in legal acceptation is the means by which any alleged matter of fact is established or disproved. Proof is the effect of evidence and not the medium by which truth is established. 1 Greenlf. Ev., § 1. Nothing was said in *Snowden* v. *The State*, 62 Miss. 100, or in *George* v. *The State*, 39 Miss. 570, in the latter of which a similar instruction was given at the instance of the defendant, which sanctions such instruction being given on the facts of record here.

*Reversed.*