WILLIAM VAILS v. STATE OF MISSSISSIPPI.

[48 South. 725.]

</div>

| 94 | 365 |
|----|-----|
| 95 | 881 |

CRIMINAL LAW AND PROCEDURE. *Witnesses. Credibility. Instructions. Curatives.*

An instruction for the state in a criminal case, wherein defendant testified in his own behalf, authorizing the jury in determining the weight to be given the testimony of any witness to consider his interest in the case, or want of it, and the reasonableness or unreasonableness of his testimony, is not erroneous as pointing out the accused to be disbelieved, where another testified in his. behalf to nearly all of the material facts; but if erroneous, the error was cured by another instruction telling the jury that they could not arbitrarily disregard defendant's testimony because he was the defendant, but should give it the same consideration as the testimony of any other witness. ·

FROM the circuit court of Sunflower county.

HON. SYDNEY SMITH, Judge.

Vails, appellant, was indicted and tried for the murder of one James Taylor, convicted of manslaughter, sentenced to the penitentiary for fifteen years, and appealed to the supreme court.

Appellant did not deny the killing, but claimed that he shot the decease in self-defense. The evidence showed that appellant, Taylor and another were passing the home of appellant's brother-in-law, Lloyd, at night, when an altercation arose between appellant and Taylor, both of whom were under the influence of whiskey, as a result of which Taylor was shot by appellant, and killed. Appellant and Lloyd, his brother-in-law, both testified on the trial. The fourth instruction given for the state, quoted in full in the opinion, was complained of by appellant in the motion for a new trial and in the supreme court.

The appellant's counsel contended with much force that their client was, under the circumstances shown in evidence, entitled to be treated as the only witness who testified to the material facts of the case.

*Chapman & Quin* and *Charles L. Garnett,* for appellant.

Code of 1906, § 1918, reads as follows: "The accused shall be a competent witness for himself in any prosecution for crime against him," etc. This was intended to serve a wise purpose. When the legislature made the accused a competent witness for himself, it did not intend that his testimony should be hampered and annuled by instructions calling to the attention of the jury and telling them to consider the defendant's interest in the final result of the trial; and the fourth instruction for the state in the case at bar could have had no other effect upon the jury than to instruct and induce them to mistrust or disregard the defendant's testimony; for he was the only witness who had an interest in the result of the trial, and the only eye-witness in his own behalf. His testimony is a vital constituent part of

the whole evidence. Therefore, the court erred in giving the fourth instruction.

Said charge is erroneous because it contravenes Code 1906, § 1918, and is upon the weight of the evidence. It violates the right of the accused to have his testimony go to the jury unaccompanied by suggestions calculated to detract from its value in the estimation of the jury. Telling the jury that in weighing the "testimony of each witness they may take into consideration the interest, or the lack of interest, the reasonableness, or the unreasonableness, of the testimony," brings the instruction within the inhibition laid down in *Buckley v. State,* 62 Miss. 705.

The *Buckley case* seems to have been the last case in our reports in which specific and direct reference was made to the testimony of the defendant. In the later cases such references have been general and indirect, but the result has been the same; that is to say, the court has not permitted artful circumvention to effect what could not be dishonestly accomplished. *Glenn v. State,* 64 Miss. 724, 2 South. 109; *Woods v. State,* 67 Miss. 575, 7 South. 495; *McEwen v. State,* 16 South. 242; *Rucker v. State,* 18 South. 122; *Smith v. State,* 90 Miss. 111, 43 South. 465; *Townsend v. State,* 12 South. 209.

*George Butler,* assistant attorney-general, for appellee.

By Code 1906, § 1918, the accused is made a competent witness in his own behalf, and by Code 1906, § 1915, it is provided that "such weight shall be given to the evidence of parties and interested witnesses as, in view of the situation of the witnesses, and other circumstances, it may be fairly entitled to." Under Code 1906, § 1923, "any witness may be examined touching his interest in the cause or his conviction of any crime, and his answers may be contradicted." It has been held that when the defendant takes the witness' stand, he assumes all of the incidents of a witness. *Mackmasters v. State,* 83 Miss. 1, 35 South. 302; *Williams v. State,* 87 Miss. 373, 39 South. 1006.

In this case Lloyd, appellant's brother-in-law, an important and material witness of the homicide, testified to all of the circumstances in corroboration of appellant's claim of self-defense, although his opportunities to know all the facts were not the best. Under the circumstances, the instruction for the state, complained of by appellant, was not legally prejudicial to the rights of appellant.

The cases cited by learned counsel for appellant are not in point here. In each case cited it will be found that the defendant was the only person who testified in his own behalf on the material facts of the case.

But even if the fourth instruction, taken alone, were erroneous, such error was cured by the instructions granted in favor of appellant. Especially did the eighth instruction for appellant charge the jury that appellant must be looked on as a competent witness and that his testimony should not be arbitrarily disregarded merely because he was the defendant in the case. This eighth instruction also charged further that appellant's testimony should be considered just as the jury considered the testimony of other witnesses.

WHITFIELD, C. J., delivered the opinion of the court.

On the testimony in this case, not only were the jury well warranted in rendering the verdict which they did render, but it does not seem to us at all probable that any other verdict could be rendered on a new trial. We think, therefore, the right result, so far as the testimony is concerned, has manifestly been reached.

The chief contention of learned counsel for appellant is that the court committed error—reversible error—in giving the fourth instruction for the state. That instruction is in the following words: "The court instructs the jury, for the state, that they are the sole and exclusive judges of the weight of the evidence and the credibility of the witnesses, and in determining the weight to be given to the testimony of each witness they may

take into consideration the interest or the lack of interest, the reasonableness or the unreasonableness, of the testimony; and, if they believe from the evidence that any witness has wilfully sworn falsely to any material matter in this case, then the jury may disregard the whole testimony of such witness or witnesses, if they believe it untrue." This instruction must be taken in connection with instruction number eight, given for the defendant: "The court instructs the jury, for the defendant, that the law makes the defendant a competent witness for himself, and permits him to testify in his own behalf, and his testimony you cannot arbitrarily, under your oath, disregard, simply because he is the defendant in the case; but it is the duty to consider Vails' testimony, as you consider the testimony of any other witness in the case, and, if you have no other reason to disbelieve him as a witness than the fact that he is the defendant in the case, then it is your sworn duty to believe him, and believe that he spoke the truth, and if it is sufficient, in connection with the other testimony in the case, to raise in your minds a reasonable doubt of his guilt, then you should promptly find him not guilty." The objection urged to the fourth instruction is that it directly points out the defendant alone, and is therefore within the condemnation of various cases cited in the brief of learned counsel for appellant, especially the case of *Buckley v. State,* 62 Miss. 705.

We remark, first, that if there was any error in this fourth instruction given for the state on this point, it was certainly cured by the eighth instruction, just above set out, given for the defendant on the same point. It would be difficult, indeed, to frame an instruction on this point more favorable to the defendant than this said eighth instruction is. But, second, we remark that in nearly all the cases cited by appellant's counsel the instruction condemned either directly referred to the defendant alone, or by necessary implication, and in nearly all the cases the defendant was the only witness on his behalf in the case. This last observation is true of the cases of *Smith v. State,* 90

Miss. 111, 43 South. 465, 122 Am. St. Rep. 313, *Gaines v. State,* 48 South. 182, *Wood v. State,* 67 Miss. 575, 7 South. 495, and practically *Glenn v. State,* 64 Miss. 724, 2 South. 109, since in that case the defendant was the only person who made a statement which he had denied under oath. In this case Lloyd, the brother-in-law of the defendant, testified in his behalf to nearly all the material facts. So that it is not true of this case, either that the defendant was the only witness testifying in his behalf, or that this instruction necessarily pointed to him and him alone. The instruction in the *Buckley case, supra,* which was condemned, was as follows: "It is true that under the laws of this state the defendant is a competent witness in his own behalf; but in weighing his testimony the jury should consider the interest he has in the result of the same, and they may disregard it altogether." It is perfectly manifest that the difference between that instruction and the instruction in this case is as wide as the distance between the poles.

There was not only no reversible error, but no error at all, in giving instruction No. four for the state. Wherefore the judgment is *affirmed.*

