CLARENCE TURNER V. STATE OF MISSISSIPPI.

[50 South. 629.]

CRIMINAL LAW AND PROCEDURE. *Intoxicating liquors. Unlawful sales. Credibility of witnesses. Instruction.*

> In a prosecution for the unlawful sale of intoxicating liquors where the witnesses called by the state were detectives employed by the state to ferret out such sales, although for a fixed compensation, there being no evidence of other interest, a defendant's instruction should have been given on request announcing that the weight of evidence and the credibility of the witnesses were for the determination of the jury, that they should consider the interest, if any, the witnesses may have had in the case, and if they believed any witness had wilfully sworn falsely to any material matter they might disbelieve the whole of his testimony.

FROM the circuit court of Holmes county.

HON. SYDNEY SMITH, Judge.

Turner, appellant, was indicted and tried for unlawfully selling intoxicating liquors, was convicted and sentenced to a fine and imprisonment in the county jail, and appealed to the supreme court.

The only witnesses for the state were two detectives employed by the executive department of the state at a fixed compensation to ascertain where and by whom such liquors were illegally sold; and to testify as witnesses in prosecutions against parties who might be prosecuted for such sales. It was not shown in evidence that the witnesses had any direct interest in the conviction or acquittal of the appellant, or that their compensation in any way depended upon conviction. They were subjected to a severe cross-examination by the defense; and there was much testimony offered through witnesses for appellant in direct conflict with the testimony of the state's witnesses. The case was a close one on its facts, and, in the supreme court, the principal assignment of error relied on for reversal was the refusal by the court below

to grant the fourth instruction asked by appellant, set out in the opinion of the court.

*Boothe & Pepper,* for appellant.

The fourth instruction asked by appellant should have been granted because of the great conflict between the testimony of the witnesses on the part of the state and of those for the defense; and the jury had a right to know what was its province in such case. The court refused to give the jury any instruction as to what was expected and required of it in such cases.

*W. J. Croom,* on the same side.

In view of the character of the witnesses, and the class in which these witnesses are placed by the law, the appellant was entitled to the fourth instruction, and the refusal by the court to grant the same worked irreparable injury to the appellant. See *Vails v. State,* 94 Miss. 365, 48 South. 725, in which an instruction similar to that here in question, and there given on behalf of the state, in that case was attacked by the defendant. This court there said "there was not only no reversible error, but no error at all, in giving the fourth instruction for the state." Now in this case the instructions refused to defendant, were drawn along the line of the instruction cited and instruction number four in this case, is identical with instruction number four in the *Vails case,* which this court there said was correct.

*George Butler,* assistant attorney-general, for appellee.

The most serious question presented by this appeal is the action of the court below in refusing defendant's fourth instruction. This instruction is in almost the exact language as the fourth instruction in the case of *Vails v. State,* 94 Miss. 365, 48 South. 725, which was approved by this court. The point made against the instruction in that case was that it pointed to the defendant. The objection against the fourth instruction in this present case, if any objection is to be made, is that it in-

timates to the jury that the testimony of the interested witnesses is false. If the instruction had advised the jury that it was the province of the jury, in weighing the evidence, to consider the interest of the witness, and in view of the situation and other circumstances involved, to give it such weight as it is fairly entitled to, then it would have been in exact accord with Code 1906, §§ 1915 and 1923; but as it is, it is coupled with wilful and corrupt swearing, and it really intimates to the jury that interested witnesses are guilty of false swearing.

WHITFIELD, C. J., delivered the opinion of the court.

The fourth instruction asked by the defendant should manifestly have been given. It was in the following words, and was refused: "The court further instructs the jury, for the defendant, that the consideration of the evidence in this case, and determining the weight thereof, and whether the witnesses should be believed or not, is exclusively the province of the jury, and in weighing the evidence in this case, and in saying whether a witness who has testified in this case should be believed, the jury have a right to take into consideration what interest, if any, such witness may have in the case; and if the jury believe from the evidence that any witness in this case has wilfully and corruptly sworn falsely as to any material thing or matter inquired of on the trial of this case, the jury have a right to disbelieve and disregard the whole and entire evidence of such witness." The exact counterpart of this instruction was given in the case of *McClellan v. State*, with the single exception that in this charge the word "knowingly" is omitted; but the words "willfully" and "corruptly" are used, and this instruction was expressly approved in *Vails v. State*, 94 Miss. 365, 48 South. 725. It is not thinkable that a man can willfully and corruptly swear falsely without also "knowingly" swearing falsely. This charge has been given immemorially in this state, and should manifestly have been given in this case.

It is sometimes said that the maxim, *"falsus in uno, falsus in*

*omnibus,"* is not a principle of law at all. Whether it be a principle of law, or whether it be "a principle of logic and common sense," as it is called in the third volume of Sackett on Instructions, p. 2116, par. (d), is utterly immaterial. Undoubtedly, it is a perfectly sound principle and a wise precautionary charge in proper cases, and we think this was a proper case in which to give this instruction. Certainly, as stated, it is an instruction which has been given in this state by universal practice of judges for time out of mind, and we see no reason now for departing from a custom which has been so long continued and which we think is a wise and salutary one. Cases are easily conceivable in which to refuse such an instruction as this would unquestionably operate prejudicially to the defendant in the highest degree. Cases may also be conceived in which such instruction would be unnecessary. Whether it should be given in a particular case depends upon the facts of that case, and in this case we think the facts were such as to require the giving of this instruction. The whole case depended upon the credibility of the testimony of the witnesses for the state. These witnesses were assailed most vigorously on the very point as to whether their testimony was true. The case was a very close one on its facts. In this attitude of the case, it seems to us it was a peculiarly appropriate case in which to give this charge, approved in this state time out of mind.

For this reason, the judgment is *reversed* and cause *remanded.*

Smith, J., delivered the following dissenting opinion.

I am unable to concur with my Brethren in the reversal of this cause. This instruction seeks to invoke what this court in *Bell v. State,* 90 Miss. 104, 43 South. 84, styled the "dangerous," and in *McDonald v. State,* 28 South. 750, the "exploded," doctrine of *"Falsus in uno, falsus in omnibus,"* and omits the element of the witness' knowledge of the falsity of the testimony given by him. In *Railroad Company v. McCoy,* 85 Miss. 391, 37 South. 706, this court said: "We again announce that, where

jurors are instructed as to their right to reject the testimony of witnesses on the ground that they have sworn falsely to any part of their testimony, the instruction should always contain the limitation that such false swearing was 'willfully, knowingly, and corruptly' done." This maxim, which is in no sense a rule of law, is such a dangerous one, and the reason it is based on is so questionable, so much so that it has been discarded by eminent authority, including Mr. Wigmore, that where it is invoked the jury ought not to be left in any doubt that the falsity of the evidence must be known to the witness.

But, aside from this, the refusal of the instruction was not error, certainly not reversible error, as will appear from the examination of the following authorities: *Commonwealth v. Clune,* 162 Mass. 206, 38 N. E. 435; *State v. Musgrove,* 43 W. Va. 672, 28 S. E. 813; *State v. Banks,* 40 La. Ann. 736, 5 South. 18; *State v. Hickan,* 95 Mo. 322, 8 S. W. 252, 6 Am. St. Rep. 54; *Paddock v. Somes,* 51 Mo. App. 320. In Wigmore on Evidence, vol. 2, § 1008, that great writer says: "The maxim, 'He who speaks falsely on one point will speak falsely upon all,' is in strictness concerned, not with the admissibility, but with the weight, of evidence. The jury are told by it what force to give to a falsity after the evidence has shown its existence. . . . It may be said, once for all, that the maxim is in itself worthless, first, in point of validity, because in one form it merely contains in loose fashion a kernel of truth which no one needs to be told, and in the others it is absolutely false as a maxim of life; and, secondly, in point of utility, because it merely tells the jury what they may do in any event, not what they must do, or must not do, and therefore it is a superfluous form of words. It is also in practice pernicious, first, because there is frequently a misunderstanding of its proper force; and, secondly, because it has become in the hands of many counsel a mere instrument for obtaining new trials upon points wholly unimportant in themselves."