JENNINGS v. STATE.

[79 South. 814, Division B.]

CRIMINAL LAW. *Statement by district attorney.*

A statement by the district attorney in prosecuting a criminal case that "the defendant was vitally interested in the verdict of the jury, and that the court had just said that the jury has a right to consider the defendant's interest in the case," while questionable ethics, and technically incorrect, was harmless to the defendant, though re-iterated after the court had refused to instruct the jury orally not to consider it.

APPEAL from the circuit court of Tallahatchie county. HON. E. D. DINKINS, Judge.

R. J. Jennings, Sr., was convicted of carrying a concealed pistol, and appeals.

The facts are fully stated in the opinion of the court.

*J. H. Caldwell* and *Stone & Stone,* for appellant.

*Ross A. Collins,* Attorney General, for the state.

COOK, P. J., delivered the opinion of the court.

The appellee was convicted upon on indictment charging him with carrying concealed a deadly weapon—a pistol. The evidence offered by the state was positive that the defendant was guilty as charged. The evidence offered by defendant was that the defendant did not carry a pistol concealed or otherwise. In his argument to the jury, the district attorney referred to the obvious fact that the defendant was vitally interested in the verdict of the jury. This argument was objected to by the defendant, and the court was asked to instruct the jury orally not to consider this argument. This objection and request was overruled. Whereupon, the district attorney here said to the jury: "The court has just said that the jury have a right to consider defendant's interest in this case." This statement was also objected to and overruled.

This court has said it was error for the court to instruct the jury that, in considering the value of defendant's evidence, they were authorized to take into consideration his interest in the verdict of the jury. *Smith* v. *State,* 90 Miss. 111, 43 So. 465, 122 Am. St. Rep. 313.

It will be observed that the court did not instruct the jury that they were authorized to consider the interest of defendant in the case in valuing his testimony. This court has never said that the jury could not, or should not, take into consideration the defendant's interest when they came to weigh the value of his testimony.

The statement of the district attorney to the jury was questionable ethics, and technically inaccurate. The law does not cast any suspicions upon the evidence of

the defendant; his testimony must stand or fall upon its merits.

In this case, however, we are of opinion that no harm was done. As a matter of fact, we all, lawyers or judges, know that sensible men will, in fact, weigh evidence given by interested parties with the interest of the witness in mind. The district attorney is not expected to approach a case with the cold neutrality of a judge. He is an advocate and somewhat of a partisan, and, no doubt, the jury is able to make due allowance for the arguments of the lawyer for the state.

*Affirmed.*