HINTON *v.* STATE.

[91 South. 397. No. 22217.]

CRIMINAL LAW. *Appellant cannot complain of a charge similar to an instruction granted at his request.*

An appellant cannot complain of a charge in an instruction, where the same charge is contained in another instruction granted at his request.

Appeal from circuit court of Jasper county.

Hon. W. H. Hughes, Judge.

Charles Hinton was convicted of assault and battery with intent to kill and murder, and he appeals.    Affirmed.

*Deavours & Hilbun* and *J. A. McFarland,* for appellant.

*H. C. Holden,* assistant attorney-general, for the state.

Smith, C. J., delivered the opinion of the court.

The appellant was convicted of assault and battery with intent to kill and murder.    The only error assigned is the granting by the court below of the following instruction: "The court charges the jury for the state that they are the sole judges of the weight and credibility of all the witnesses, and that, if they believe that any witness wilfully testified falsely to any material fact at issue, then it is within your province to disbelieve all the evidence of such witness or witnesses unless they are corroborated by other credible witnesses or evidence."

The objections urged to this instruction are:    First, it does not require the jury's belief to arise from the evidence; and, second, it does not require the jury to believe that the false swearing was corruptly lone.

The first objection cannot be availed of by the appellant for the reason that he obtained a similar instruction in which the jury were charged "that if they believe that any witness has corruptly testified falsely," etc.    *Railway Co.* v. *Williams,* 87 Miss. 344, 39 So. 489; *Railroad Co.* v. *Baswell,* 85 Miss. 313, 38 So. 43; *Wilson* v. *Zook,* 69 Miss. 694, 13 So. 351; 4 C. J. 709.

It was said in several of the cases invoked by the appellant that for the *falsus in uno, falsus in omnibus,* maxim to be invoked, the testimony must have been willfully and corruptly given, and in one that it must have been willfully, knowingly, and corruptly given.    But both of these phrases simply mean that the falsity of the testimony must

have been known to the witness when it was given, for, "if the person swears to what he knows to be false, it is necessarily willful, and, if willful, it is necessarily corrupt." *Brown* v. *State,* 57 Miss. 424. It is the consciousness of the falsity of part of his testimony when giving it that justifies the inference that the remainder of the witness' testimony may also be false. *Railroad Co.* v. *Hedrick,* 62 Miss. 28; 2 Wigmore on Evidence, section 1013. Willfully includes knowingly (3 Bouv. Law Dict. 3454; *Turner* v. *State,* 95 Miss. 879, 50 So. 629), and false evidence knowingly given must necessarily be corrupt. Consequently, to charge the jury that the false testimony must have been willfully given necessarily implies that it must have been knowingly and corruptly given.

The writer has not overlooked his dissent in *Turner* v. *State,* 95 Miss. 879, 50 So. 629, but is now of the opinion that the case was correctly decided if the maxim is still to be permitted to be invoked at all.

*Affirmed.*