807 So.2d 471 (2001)
Brad THOMPSON a/k/a Brad Marion, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2000-KA-00895-COA.
Court of Appeals of Mississippi.
November 20, 2001.
Rehearing Denied February 12, 2002.
*473 Stephen P. Livingston, New Albany, Attorney for Appellant.
Office of the Attorney General by Jeffrey A. Klingfuss, Jackson, Attorney for Appellee.
Before SOUTHWICK, P.J., IRVING, and MYERS, JJ.
MYERS, J., for the Court:
¶ 1. Brad Thompson a/k/a Brad Marion (Marion) was convicted of the sale of cocaine with enhanced punishment in the Circuit Court of Union County, Mississippi, Honorable R. Kenneth Coleman presiding. Marion was sentenced to twenty years in the custody of the Mississippi Department of Corrections with five years suspended to be served on post-release supervision. A motion for a judgment notwithstanding the verdict (JNOV) was filed and summarily denied by the trial court. From the denial of that motion, Marion appeals raising the following issues:
1. WHETHER THE TRIAL COURT ERRED BY FAILING TO QUASH THE JURY VENIRE;
2. WHETHER THE TRIAL COURT ERRED BY FAILING TO GRANT MARION'S MOTION FOR JNOV;
3. WHETHER THE TRIAL COURT ERRED BY REFUSING TO GRANT JURY INSTRUCTIONS D-3, D-11, D-13, AND D-14 CONCERNING REASONABLE DOUBT;
4. WHETHER THE TRIAL COURT ERRED BY REFUSING TO GRANT JURY INSTRUCTION D-16 CONCERNING AN ALIBI DEFENSE; AND
5. WHETHER THE TRIAL COURT ERRED BY REFUSING TO GRANT JURY INSTRUCTION D-10 CONCERNING THE CREDIBILITY OF TESTIMONY OF LAW ENFORCEMENT OFFICERS.

STATEMENT OF FACTS
¶ 2. On July 23, 1998, undercover police officer Marcus Bass, while being accompanied by a confidential informant, Gary Cannon, purchased a quantity of crack cocaine from Derrick Ivy and a person later identified as Brad Marion. The drug purchase took place on Williams Street in New Albany and within 1,500 feet of a church. Ivy was the middleman in the transaction, accepting the drugs from the driver later identified as Brad Marion, passing them to Officer Bass, accepting the money and passing it to Marion. Video and audio surveillance captured the transaction. Neither Ivy nor Marion was arrested at the time of the transaction.
¶ 3. At trial Officer Bass, Ivy, and Cannon identified Marion as the driver of the automobile and the holder of the drugs. Further, two other individuals, one of them a police officer, testified that Marion was in New Albany around the time the drug sale took place. Marion and his mother both testified that Marion was not in New Albany at the time the drug sale took place. Marion presented no evidence of his whereabouts on the day the drug sale occurred.

STANDARD OF REVIEW AND LEGAL ANALYSIS

1. WHETHER THE TRIAL COURT ERRED BY FAILING TO QUASH THE JURY VENIRE.
¶ 4. In his first point of error, Marion raises a Batson challenge, claiming that the trial court should have quashed *474 the jury venire because of the prosecution's utilization of a peremptory challenge to strike a black person from the jury panel. After the challenges for cause were granted, the prosecution removed a black person with a peremptory challenge from the jury venire leaving one black person who was seated as an alternate juror. Pursuant to well-settled law, a "defendant does have the right to be tried by a jury whose members are selected pursuant to nondiscriminatory criteria." Batson v. Kentucky, 476 U.S. 79, 86, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).
¶ 5. Marion must show that he is a member of a recognized racial group, that the prosecution utilized its peremptory challenges to strike from the jury panel members of the same racial group and the facts surrounding the use of the peremptory challenge infer a discriminatory purpose. Griffin v. State, 607 So.2d 1197, 1202 (Miss.1992). Marion is an African American as was the person struck from the jury panel. Before the trial court could determine whether the exercise of the peremptory challenge was for a discriminatory purpose, the prosecution provided a reason for striking the venireman. The prosecution stated that the person in question had been sleeping during the voir dire process. This has long been determined to be a race neutral reason for striking a person from a jury panel. Mack v. State, 650 So.2d 1289, 1299 (Miss.1994). Because the prosecution struck the venireman for a race neutral reason, this issue is without merit.

2. WHETHER THE TRIAL COURT ERRED BY FAILING TO GRANT MARION'S MOTION FOR JNOV.
¶ 6. Marion next contends that the trial court erred when it denied his motion for a JNOV. The standard of review for denials of a JNOV which challenges the sufficiency and weight of the evidence supporting the verdict is abuse of discretion by the trial court and all evidence favorable to the State is accepted as true. Tran v. State, 785 So.2d 1112, 1116 (¶ 8) (Miss.Ct.App.2001). With respect to each element of the offense, the standard of review regarding the legal sufficiency of the evidence is to consider all of the evidence in the light most favorable to the guilty verdict. Wetz v. State, 503 So.2d 803, 808 (Miss.1987).
¶ 7. At trial, the prosecution submitted three witnesses who identified Marion as the driver of the automobile and the person who sold the drugs to Officer Bass. Further, the prosecution submitted two other witnesses who stated that they observed Marion in New Albany, Mississippi, around the time of the drug sale in late July 1998. Marion reputed this testimony by testifying that he was not in New Albany until late August or early September 1998. Marion's mother also testified to that effect. Neither Marion nor his mother stated where Marion was on the date of the drug sale. Matters concerning what weight and credibility to give to the evidence presented are to be decided by the jury. McClain v. State, 625 So.2d 774, 778 (Miss.1993). Which witnesses the jury decides to believe or disbelieve is left to the jury as the trier of fact. Groseclose v. State, 440 So.2d 297, 300 (Miss.1983). In this instance the jury decided to believe the prosecution's witnesses instead of Marion and his mother. This Court finds that there was sufficient evidence to find that Marion sold drugs to Officer Bass. Accordingly, this issue is without merit.

3. WHETHER THE TRIAL COURT ERRED BY REFUSING TO GRANT JURY INSTRUCTIONS D-3, D-11, D-13, AND D-14 CONCERNING REASONABLE DOUBT.
¶ 8. Marion next cites as error the denial of instructions D-3, D-11, D-13, *475 and D-14 all concerning reasonable doubt. "When reviewing jury instructions we will review all of the instructions together, rather than each isolated instruction." Jackson v. Daley, 739 So.2d 1031, 1037(¶ 21) (Miss.1999). With that standard in mind, we look now at the refused instructions and compare them to those given. Instruction D-3 refused by the trial court instructed the jury to find Marion not guilty if they were not "convinced beyond a reasonable doubt of the Defendant's guilt." Court Instruction Number 2 adequately stated this principle with the following language: "[t]he burden of proving the Defendant guilty of every material element of the crime with which he is charged is upon the State of Mississippi. Before you can return a verdict of guilty, the State of Mississippi must prove beyond a reasonable doubt that the Defendant is guilty." Instructions D-11 and D-13 both refused by the trial court instructed the jury that the prosecution must prove each element of the offense charged beyond a reasonable doubt. Court Instruction Number 2 also instructs the jury on this principle. Finally, Instruction D-14 sought to instruct the jury on the presumption of innocence of the defendant. Court Instruction Number 3 instructs the jury on this principle of law. It is not error for the trial court to refuse a repetitive instruction. Id. Finding that the refused instructions were repetitious, this point of error is without merit.

4. WHETHER THE TRIAL COURT ERRED BY REFUSING TO GRANT JURY INSTRUCTION D-16 CONCERNING AN ALIBI DEFENSE.
¶ 9. Marion next contends that the trial court should have granted a jury instruction based on the defense of alibi. A defendant is entitled to an instruction on the defense of alibi when he asserts said defense and presents evidence in support thereof. Morris v. State, 777 So.2d 16, 29(¶ 63) (Miss.2001). Marion testified at trial that he did not move to New Albany until late August or early September. Marion's mother also testified that her son did not move to New Albany until late August or early September. Neither Marion nor his mother testified to Marion's whereabouts on the day of the drug sale. In the Morris decision, the supreme court held that it was not error to deny an alibi instruction where the corroborating witness did not see the defendant at home on the night the crime was committed. Id. at (¶ 65). Marion's mother did not state that she had seen Marion at any time the day of the drug sale. The jury instruction must have foundation in the evidence presented at trial. Id. at (¶ 63). No evidence was presented that would provide Marion with an alibi defense. The trial court did not err in failing to give an instruction on the defense of alibi.

5. WHETHER THE TRIAL COURT ERRED BY REFUSING TO GRANT JURY INSTRUCTION D-10 CONCERNING THE CREDIBILITY OF TESTIMONY OF LAW ENFORCEMENT OFFICERS.
¶ 10. Marion's final point of error is that the trial court erred when it refused to grant a jury instruction on the weight to give to the testimony of law enforcement officers. Instruction D-10 provides that the testimony of law enforcement officers should not be given greater weight simply because the witnesses are law enforcement officers. It is not proper for the judge to comment on the evidence or instruct the jury on the weight to give to certain evidence. Miss.Code Ann. § 99-17-35 (Rev. 2000). Instead, the trial court properly instructed the jury on its role as factfinder in which it is to determine for itself what weight and credibility to give to the *476 testimony of each witness in Court Instruction # 1. Austin v. State, 784 So.2d 186, 193(¶ 20) (Miss.2001). As the jury was properly instructed, this point of error is without merit.

CONCLUSION
¶ 11. The points of error raised by Marion in this appeal are without merit. The prosecution's exercise of a peremptory challenge was done for the race neutral reason that the venireman was asleep during the voir dire process. The trial court's denial of Marion's motion for JNOV was proper as there was sufficient evidence for a jury to find Marion guilty of the crime charged. The jury was properly instructed on the principles of reasonable doubt and its role as fact-finder. Finally, as there was no evidentiary foundation, the denial of an alibi instruction by the trial court was proper.
¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF UNION COUNTY OF CONVICTION OF SALE OF COCAINE AND SENTENCE OF TWENTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH FIVE YEARS SUSPENDED TO BE SERVED ON POST RELEASE SUPERVISION IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO UNION COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, CHANDLER AND BRANTLEY, JJ., CONCUR.