832 So.2d 589 (2002)
Keith MOSLEY, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2001-KA-01504-COA.
Court of Appeals of Mississippi.
October 8, 2002.
Rehearing Denied December 3, 2002.
*590 Stephen P. Livingston, New Albany, Attorney for Appellant.
Office of the Attorney General by: W. Glenn Watts, Attorney for Appellee.
Before KING, P.J., IRVING, and BRANTLEY, JJ.
BRANTLEY, J., for the court.
¶ 1. Keith Mosley was found guilty by a Union County Circuit Court of the sale of a controlled substance. Aggrieved, Mosley appeals, arguing that the trial court erred in denying several jury instructions, allowing evidence to be admitted which was not disclosed, denying him the opportunity to fully cross-examine a witness and in denying his motion for a JNOV or directed verdict. In addition, he contends the court erred in the jury selection process. Finding no error, we affirm.

*591 FACTS
¶ 2. On August 28, 1997, officers with the New Albany Drug Task Force, including Officer Tommy Smithey, set out to make a controlled buy in New Albany. Undercover Agent Tredis Anderson was sent out with a confidential informant (CI). Prior to being sent out, both the CI and Anderson were searched to make sure there were no drugs on them. In addition, they were given official funds to make any purchases, and Anderson was equipped with an audio wire. Smithey followed them in a car in which he could hear the transmission from the wire. Smithey's vehicle was equipped with a video recorder. However, due to the lighting, the recording was too poor to be of any value.
¶ 3. When Anderson and the CI reached Clarke Street, the CI made contact with a couple on the street. The CI was talking with the female when the male who was identified as "Black" asked "what's up?" Anderson requested "a $40." Black told Anderson and the CI to go down Clarke Street. At that time another male approached them about purchasing two rocks of cocaine.
¶ 4. The CI identified the male as his cousin, Keith Mosley. Anderson gave Mosley $40 in official funds. Mosley then gave Anderson two rock-like substances which were later identified by an expert at the Tupelo Crime Lab as crack cocaine. This transaction was recorded via the wire transmitter including the identification by the CI that the person who sold the rocks of cocaine was his cousin.
¶ 5. Mosley was brought to trial in March 2001. Anderson testified about the purchase. He stated that he had paid close attention to the person from whom he bought the cocaine and identified that person as Mosley. Smithey also testified about the procedure that the officers used in setting up a buy of controlled substances. In addition, Edwina Ard, a forensic chemist from the Tupelo Crime Lab, testified that the substance was crack cocaine. Mosley testified in his defense and denied making the sale, but admitted that the CI on the audio recording was his cousin. Mosley was found guilty of the sale of a controlled substance. From this verdict, Mosley appeals, arguing that the trial court committed various errors during his trial.
I. WHETHER THE TRIAL COURT ERRED DURING THE JURY SELECTION.
¶ 6. Mosley argues that the trial court erred in failing to sua sponte strike the entire jury venire due to the fact that there were no African Americans on the jury panel. Even though Mosley did not make a specific challenge at trial, Mosley alleges that the trial judge had a duty to strike the jury panel. The State argues that Mosley waived this argument by failing to object during voir dire and in posttrial motion. Additionally, the record contains no information regarding the racial make-up of the jury venire or the petit jury.
¶ 7. This Court is unable to determine the racial makeup of the jury. Additionally, the record is void of any objections by Mosley concerning the alleged violations of Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). Although Mosley asserts several allegations as to the racial makeup of the jury, these assertions are not backed up by the record or by other authority. On appeal, decisions must be based upon the evidence found within the record, not on assertions made by the parties in their briefs. Mason v. State, 440 So.2d 318, 319 (Miss. 1983). In addition the Mississippi Supreme Court has repeatedly held that a party waives any claims regarding the *592 composition of his jury if he fails to object before the jury is sworn. Mack v. State, 650 So.2d 1289, 1297 (Miss.1994); see also Shaw v. State, 540 So.2d 26, 27 (Miss. 1989); Thomas v. State, 517 So.2d 1285, 1286 (Miss.1987).
II. WHETHER THE TRIAL COURT ERRED IN FAILING TO GRANT A DIRECTED VERDICT, PEREMPTORY INSTRUCTION AND JNOV.
¶ 8. Mosley argues that the evidence presented at trial was insufficient to support his conviction and that the trial court should have granted his motion for a directed verdict, motion for a JNOV and a peremptory instruction (D 6). He argues that since there was only one eyewitness, there was not enough evidence to support the conviction. However, the State argues that the evidence did support the conviction.
¶ 9. A motion for a directed verdict, JNOV and peremptory instruction test the legal sufficiency of the State's evidence and the standard of review of each is essentially the same. Ellis v. State, 778 So.2d 114, 117(¶ 2) (Miss.2000). On appeal, we view the evidence in a light most favorable to the verdict and accept as true all the evidence which supports the verdict without weighing the credibility of the evidence on appeal. Id. (citing Davis v. State, 568 So.2d 277, 281 (Miss.1990)). A verdict is only reversed where reasonable and fair-minded jurors could not have found the accused guilty. Wetz v. State, 503 So.2d 803, 808 (Miss.1987).
¶ 10. The evidence presented at trial included Anderson's testimony that Mosley sold him the substance. Anderson testified that he saw Mosley for approximately one and one half minutes and identified him from a photographic lineup after the transaction. In addition, the audiotape of the transaction revealed that the CI stated that the seller was his cousin. Although, Mosley denied that it was him on the tape, he did admit that he was the CI's cousin. An expert testified that the substance from the transaction was crack cocaine. This is more than enough evidence to support the conviction. Therefore, we find this issue to be without merit.
III. WHETHER THE TRIAL COURT ERRED IN FAILING TO GRANT JURY INSTRUCTIONS D-4, D-5, D-7 AND D-8.
¶ 11. Mosley argues that the trial court erred in failing to grant instructions D-5, D-7 and D-8 on reasonable doubt. In addition, the court refused instruction D-4 dealing with the credibility of law enforcement officers as witnesses. The State argues that the defense was not entitled to any of these instructions and that the issues were waived by failing to make a contemporaneous objection at the time the trial judge refused the instructions.
¶ 12. Jury instruction are not reviewed in isolation. Malone v. State, 486 So.2d 360, 365 (Miss.1986). As long as the instructions given properly instruct the jury of the elements of the crime and are correct statements of law, then no reversal will be granted. Id. Additionally, the court is not required to give repetitive instructions.
¶ 13. Here, defense instructions 5, 7 and 8 were general instructions to the jury about the presumption of innocence, the State's burden of proof beyond a reasonable doubt and the requirement that each element be proved. The instructions given fully informed the jury on each of these points. As stated above the trial court is not required to give repetitive instructions. Therefore, the court did not err in refusing these three instructions.
¶ 14. Defense instruction 4 basically stated that the jury was to weigh the *593 credibility of all the witnesses and not give any more weight to the testimony of law enforcement officers than any of the others. Mosley cites to Turner v. State, 95 Miss. 879, 50 So. 629, 630 (1909), in support of this instruction being proper. However, Mosley's reliance is misplaced. In Turner, the court only allowed a general instruction about the jury's duty to weigh the credibility of the witnesses and evidence. Id. The law enforcement officers were not specifically pointed out in the instruction only the term "witness" was used. Id. Specifically pointing to the testimony of the law enforcement officers in an instruction would be an improper comment on specific evidence. Thompson v. State, 807 So.2d 471, 475-76(¶ 10) (Miss. 2001). Accordingly, the trial court was correct in refusing this instruction.
IV. WHETHER THE COURT ERRED IN ALLOWING TESTIMONY ABOUT EVIDENCE NOT IN DISCOVERY TO THE DEFENDANT.
¶ 15. Mosley argues that the trial court erred in failing to require the State to provide him with all discovery; in particular, photographs mentioned during Anderson's testimony. During cross-examination, defense counsel continuously questioned Anderson's ability to remember the defendant from a drug transaction that occurred four years prior. Anderson responded that he had refreshed his memory with photographs but was not told Mosley was in the pictures.
¶ 16. From these photographs mentioned, Mosley claims he was denied discovery. However, Mosley continued to cross-examine Anderson instead of objecting to the testimony or renewing his request for discovery for the missing photographs. Mosley never brought this issue to the trial judge and argues it here for the first time. The State argues that due to Mosley's failure to object at trial, this issue was waived.
¶ 17. The Mississippi Supreme Court has set forth a procedure for trial judges to follow when dealing with discovery violations. See Box v. State, 437 So.2d 19 (Miss.1983). However, before that procedure can begin, the party has to bring the alleged violation to the attention of the trial judge and failure to do so is a waiver of the issue. Id. Furthermore, the law is well settled "that the failure to raise an issue in the trial court requires [the appellate court] to impose a procedural bar on appeal." Evans v. State, 725 So.2d 613(¶ 48) (Miss.1997). Here, Mosley failed to object thereby waiving this issue on appeal.
¶ 18. Mosley also argues that the photographs used to refresh Anderson's memory prior to trial were tantamount to an illegal lineup which constitutes reversible error. However, as with the alleged discovery violation concerning the photographs, Mosley failed to preserve this issue for appeal due to his failure to object or in any way bring this issue before the trial judge for a ruling. We find this issue has also been waived. See Livingston v. State, 525 So.2d 1300, 1302-03 (Miss.1988).
V. WHETHER THE TRIAL COURT ERRED IN FAILING TO ALLOW DEFENSE TO CROSS-EXAMINE OFFICER ABOUT PRIOR CASES.
¶ 19. Mosley argues that the trial court erred in not allowing him to fully cross-examine Anderson concerning previous cases and possible misidentifications of suspects. During cross-examination of Anderson, the prosecution objected to the relevancy of a line of questioning concerning prior drug cases on which Anderson had worked that dealt with possible mistakes in identifications. The trial judge sustained the objection.
*594 ¶ 20. On appeal, the State argues that Mosley failed to preserve this issue by failing to make a proffer on the record after the objection was sustained. Cross-examination of witnesses is limited to relevant matters. Mitchell v. State, 792 So.2d 192, 217(¶ 97) (Miss.2001). A trial court's ruling will not be disturbed unless there is abuse of discretion. Evans v. State, 499 So.2d 781 (Miss.1986) (citing Wharton's Criminal Evidence § 451 (13th ed.1972)). However, in order to preserve the ruling for review, a proffer must "be made of the potential testimony of the witness or the point is waived." Lloyd v. State, 755 So.2d 12, 14(¶ 9) (Miss.1999) (citing Evans v. State, 725 So.2d 613 (Miss. 1997)). Here, no proffer was made of Anderson's testimony. Accordingly, this issue was also waived.
¶ 21. THE JUDGMENT OF THE CIRCUIT COURT OF UNION COUNTY OF CONVICTION OF SALE OF A CONTROLLED SUBSTANCE (COCAINE) AND SENTENCE OF TWENTY-FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH FIVE YEARS SUSPENDED IS AFFIRMED. COST OF THIS APPEAL ARE ASSESSED TO UNION COUNTY.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS and CHANDLER, JJ., concur.