PATTERSON *v.* STATE.*

(Division B. March 5, 1928.)

[115 So. 777. No. 27009.]

1. CRIMINAL LAW. *Refusing instructions on self-defense held not error, where principle of law was fully covered instruction given.*
   In murder prosecution, refusing instructions on law of self-defense *held* not error, where principle of law was fully covered with accuracy and precision in instruction given.

2. CRIMINAL LAW.  *Instruction hypothetically stated, not stating all material facts, held properly refused.*

   In murder prosecution, instruction hypothetically stated, which did not state all material facts of case, *held* properly refused.

3. CRIMINAL LAW.  *Where instructions given, considered as whole, correctly stated law, refusing instructions was not error.*

   Where all instructions given, in murder prosecution, when considered as a whole, correctly stated law, refusing requested instructions was not error.

---

*Corpus Juris-Cyc. References: Criminal Law, 16CJ, p. 1063, n. 85; Homicide, 30CJ, p. 338, n. 89; p. 368, n. 16.

APPEAL from circuit court of Amite county.

HON. R. L. CORBAN, Judge.

Harris Patterson was convicted of murder, and he appeals. Affirmed.

*J. S. McGuire,* for appellant.

*James W. Cassedy, Jr.,* Assistant Attorney-General, for the state.

PACK, J.  Appellant was convicted of the murder of Sylvester Williams, in the circuit court of Amite county, and was sentenced to life imprisonment.

The evidence for the state tended to show that about fifteen or twenty negroes, including the accused and deceased, gathered at a place near the home of Abe Dickson, for the purpose of gambling. The game began about dark and continued all night. Early the next morning, the deceased and another man engaged in an argument about dealing the cards. Accused interceded, causing the deceased to become angered and to leave the game. Later, about nine o'clock in the morning, a negro woman joined the party and asked if any one had seen Sylvester Williams. Being answered in the negative, she remarked that he had been seen walking in the woods with a gun. Whereupon one of the party looked to one side and saw deceased standing some ten or fifteen steps away, a pick-

et fence separating the deceased from the party at the game. The deceased had no gun or other weapon in his hands. Aleck Robinson, one of the party, arose and asked the accused for his gun; and Abe Dickson said: "You all hush and I will get to Sylvester and stop this racket." Whereupon accused said: "No; I will shoot him myself." The deceased, presumably hearing this remark, started to run. He ran toward a gum tree some distance away. The accused walked to the side of the picket fence, placed his pistol between two pickets thereof, and fired at the fleeing man. Before deceased reached the gum tree, and while he was running toward it, accused fired a second shot. Deceased ran around the gum tree, came back into view with a shotgun in his hands, ran a few steps farther, and fell dead. The examination of the body disclosed that the bullets entered at the lower part of the shoulder blade.

Appellant testified in his own behalf, there being no other witness introduced for the defense. His testimony purported to show self-defense. He testified regarding the former difficulty; stated that deceased remarked to him, when leaving, that he would be back to kill him; that upon the woman's asking if deceased was there, and upon finding that he was not, she remarked, "He is slipping through the woods with a gun;" that upon one of the party seeing the deceased and shouting, "there he is," the crowd dispersed; that he (appellant) jerked out his pistol, made a shot, and he (deceased) reached out like he was picking up something, and he shot again. On cross-examination appellant admitted shooting deceased at a time when he was running from him, and that both shots were fired before deceased came from behind the gum tree, with a gun in his hand.

Appellant assigns and argues as error the refusal of the trial court to grant to appellant instructions marked in the record as "refused instructions" Nos. 1 to 6, inclusive. Of these refused instructions, Nos. 1, 4 and 6 announced, in different form, the law of self-defense.

This principle of law was fully covered, with accuracy and precision, in instruction No. 7, marked "given" to appellant. The court commits no error in refusing instructions that are mere repetitions of the same principles of law given in other instructions. *Mabry* v. *State*, 71 Miss. 716, 14 So. 267; *Matthews* v. *State*, 108 Miss. 72, 66 So. 325.

Instruction No. 3 was hypothetically stated. An instruction which purports to state hypothetically all the facts of the case must state all material facts; otherwise, it is not error to refuse it. *Fore* v. *State*, 75 Miss. 727, 23 So. 710; *Jackson* v. *State*, 66 Miss. 89, 5 So. 690, 14 Am. St. Rep. 542. This instruction did not conform to this requirement. The instructions given to the state and appellant, when considered as a whole, correctly stated the law. We find no reversible error in the record.

The judgment of the court below is therefore affirmed.

*Affirmed.*