EPH. WOODS v. THE STATE.

67　575
d75　846

67　575
94　370

1. CRIMINAL LAW.　*Code* 1880, § 2941.　*Shooting in highway.*
　　Under this statute, which makes it an offense to "shoot *in* any highway," an indictment is good which charges the defendant with shooting "*on* a public highway."

2. SAME.　*Instruction.*　*Discrediting defendant's testimony.*
　　Where the defendant in a criminal case is the only witness in his behalf, it is error to give an instruction that the jury should consider the feeling or interest of any witness in connection with all the testimony "in determining how far, if at all, they will believe such witness or consider such testimony." The defendant is entitled to submit his testimony to the jury uninfluenced by such suggestions from the court. *Buckley* v. *The State*, 62 Miss. 705, cited.

FROM the circuit court of the second district of Yalobusha county. HON. W. M. ROGERS, Judge.

In the indictment in this case it is charged that the defendant Woods "unlawfully did shoot and discharge a certain gun on the Water Valley and Coffeeville road, the same being then and there a public road and highway. Defendant was the only witness in his behalf, and as such denied his guilt. The court gave the following instruction for the state: "1. If the jury believe from the evidence that any witness who has testified in this case has any feeling or interest in the result of this trial, then the jury should consider such feeling or interest in connection with all the evidence in the case in determining how far, if at all, they will believe such witness or consider such testimony."

Defendant was convicted and sentenced. After motion for new trial overruled, he prosecuted this appeal.

*I. T. Blount*, for appellant.

1. The first instruction for the state is upon the weight of evidence, and is clearly erroneous. Such an instruction was condemned by this court in *Buckley* v. *The State*, 62 Miss. 705.

2. The statute makes it an offense to "shoot *in* any street or highway." Code 1880, § 2941. The indictment charges the defendant with shooting *on* the highway.

The judgment should be reversed on the first error assigned.

*T. M. Miller*, attorney-general, for the state.

WOODS, C. J., delivered the opinion of the court.

The motion in arrest of judgment was properly overruled. The verbal criticism of counsel is ingenious and interesting, in its philological aspect. But it is a legal anachronism to now plead to the sufficiency of an indictment that it charges a defendant with shooting *on* a highway, when the statute denounces shooting *in* the highway. The prepositions are interchangeable in this connection, just as they are in prosecutions for racing *on* the highway. In this sense what occurs *on* the highway must be held to occur *in* it also. The administration of the criminal law declines such subtle distinctions in definitions.

The case must be reversed, however, because of the error of the court below in granting the one charge asked by the state. The appellant was the only witness offered by the defense, and this one charge is clearly obnoxious to the condemnation pronounced in *Buckley* v. *The State*, 62 Miss. 705. The only safety of the defendant lay in his own testimony, and, as was said with great force in the case just referred to, "he had the right to submit his testimony to the jury to be judged of by it, uninfluenced by any suggestions of its probable falsity, or an authorization to the jury to throw it aside as unworthy of belief because of the strong temptation of the defendant to swear falsely."

*Reversed and remanded.*