## MISSIE CHATMAN *v.* STATE.

### [59 South. 8.]

CRIMINAL LAW. *Instructions. Credibility of accused.*

> Where the defendant in a criminal case was the only witness who
> testified in her behalf and her testimony, if believed, entitled
> her to an acquittal, it was reversible error for the court to grant
> an instruction for the state that in determining what credence to
> be given to the testimony of any witness the jury might consider
> the interest of such witness in the subject matter and interest,
> if any, in the result of the trial.

APPEAL from the circuit court of Lamar county.

HON. A. E. WEATHERSBY, Judge.

Missie Chatman was convicted of unlawful retailing and appeals.

The appellant was indicted and convicted of the unlawful sale of intoxicating liquors. On appeal she assigns as an error the granting of the second instruction asked by the state, which is as follows: "The court charges the jury, for the state, that you are the sole judge of the weight and worth of the evidence and the credibility of the witnesses, and in determining what credence to be given to the testimony of any witness or witnesses you may take into consideration his opportunity to see and know the matter about which he is testifying, his or their interest in the subject-matter, if any, and interest, if any, in the result of the trial, and their conduct on the witness stand, and if, from the whole evidence, in the case, you believe any single witness has willfully and corruptly sworn falsely with reference to any material matter, the jury may disbelieve the testimony of such witness altogether in making up your verdict."

*W. S. Price,* for appellant.

Instruction number two for the state is in the following words, to-wit: "The court charges the jury for the state that you are the sole judges of the weight and worth of the evidence and credibility of the witnesses and in determining what credence to give to the testimony of any witness or witnesses, you may take into consideration his opportunity to see and know the matter about which he is testifying, his or their interest in the subject-matter, if any, and the interest, if any, in the result of the trial and their conduct on the witness stand, and if from the whole evidence in the case you believe any single witness has wilfully and corruptly sworn falsely with reference to any material matter, the jury may disbelieve the testimony of such witness altogether in making up your verdict." In view of the fact that the appellant was the only witness offered by the defendant in the court below, this instruction was improperly given— and in my mind constitutes reversible error. See *Gaines* v. *State,* 48 South. 182 and authorities therein cited.

The court certainly erred in permitting the state to ask the defendant while on the witness stand testifying in her own behalf the following questions:

"Is it not a fact that last year some time, some liquor was levied on, and you came down here and claimed that liquor as yours, and as not being the other fellow's?" and which the defendant was required to answer over the objection of the defendant. This line of examination is not authorized by section 1923, Code 1906, nor by any other law that I have ever been able to find. See *McClelland* v. *State,* 54 South. 251; *Brown* v. *State,* 51 South. 273; *Starling et al.* v. *State,* 42 South. 798.

*Claude Clayton,* assistant attorney-general, for appellee.

SMITH, J., delivered the opinion of the court.

Appellant was the only witness who testified in her behalf in the court below, and her evidence, if believed by the jury to be true, entitle her to an acquittal. Consequently, as held by this court in *Smith* v. *State,* 90 Miss. 111, 43 South. 465, 122 Am. St. Rep. 313, and *Gaines* v. *State,* 48 South. 182, the granting of the second instruction requested on behalf of the state was fatal error.

*Reversed and remanded.*