Matthews *v.* State.

[66 South. 325.]

1. Homicide. *Self-defense. Instructions. Good reason to believe. Reasonable grounds to apprehend. Trial. Modification of instructions.*

Under Code 1906, section 1230, providing that the killing of a human being shall be justifiable, when committed in the lawful defense of one's own person or any other human being, where there shall be reasonable ground to apprehend "a design to commit a felony or to do some great personal injury," where on a trial for murder, the court charged, on self-defense for the state, that defendant must have "good reasons to believe," that he was in danger of death or great bodily harm at the hands of an assailant, and modified defendant's instruction by changing the

words "reasonable apprehension" of immediate danger, to good ground to believe, this was not reversible error, as imposing too great a burden of proof on defendant, since there is little practical difference in the meaning of the statutory words, "reasonable ground to apprehend" and the words "good reason to believe".

2. CRIMINAL LAW.   *Instructions.   Self-defense.*
Where on a trial for homicide the court by modifying defendant's instructions, charged the jury that defendant's belief, that he was in danger must have been "honestly entertained," and in others that he must have believed "in good faith" this was not erroneous if a man believes at all he does so honestly in good faith.

3. CRIMINAL LAW.   *Trial.   Instructions.   Modifications.*
Where an instruction as requested properly announces the law, the court should give it as requested, yet a modification by the court of the language used is not error, if such modification does not change the meaning or tend to an improper statement of the law.

4. CRIMINAL LAW.   *Trial.   Instructions.*
When the court has once clearly charged the jury with reference, to any principle of law which should govern it, in arriving at a verdict, it is not required to again charge the jury with reference thereto at the request of the party at whose instance the first instruction was granted.

APPEAL from the circuit court of Lauderdale county. HON. J. L. BUCKLEY, Judge.

George Matthews was convicted of murder and appeals.

The facts are fully stated in the opinion of the court.

*Scott & Christian,* for appellant.

*Geo. . Ethridge,* for appellee.

SMITH, C. J., delivered the opinion of the court.

Appellant was indicted and convicted of the crime of murder. According to the contention of the state, the deceased was assassinated; according to that of appellant, he (appellant) killed the deceased in self-defense.

A ground upon which a reversal is sought is the granting and refusal of instructions. Section 1230 of the Code provides that:

"The killing of a human being by the act, procurement or omission of another shall be justifiable . . . when committed in the lawful defense of one's own person or any other human being, where there shall be reasonable ground to apprehend a design to commit a felony or to do some great personal injury, and there shall be imminent danger of such design being accomplished."

For the state the court charged the jury that:

"One has the legal right to take human life, whenever one becomes so situated that he believes, and has good reason to believe, that he is in danger of death or great bodily harm at the hands of an assailant."

The fourth instruction for the defendant charged the jury that one of the questions it was called on to decide was:

"Were the actions and conduct of the deceased, at and just prior to the moment he was shot, viewed in the light of all the facts in the case, as shown in the evidence, such as to create, and is there a probability, based on the evidence, that they did crate, in the mind of the defendant, a reasonable belief that he was in danger of death or great bodily harm at the hands of Lon Smith, when he shot him, and did he shoot him because thereof?"

. This instruction was modified by the court, by striking out the words "reasonable belief that he was in danger," and inserting in lieu thereof the words "good grounds to believe, and he did so believe, that he was in immediate danger." This instruction further charged the jury that:

"The defendant had the right to act upon appearances that were in their nature threatening, and were sufficient to raise in his mind, and did raise in his mind, reasonable apprehension that he was in immediate danger of death or great bodily harm at the hands of Lon Smith."

The court struck out the words "reasonable apprehension," and inserted in lieu thereof the words "a good ground to believe."

A similar modification was made by the court to appellant's fifth instruction.

Appellant's ninth instruction charged the jury that:

"Justifiable homicide is the killing of a human being by the party charged, when committed in the lawful defense of one's own person or any other human being, where there shall be, at the time, reasonable ground to apprehend a design to commit a felony, or to do some great personal injury, and there shall be imminent danger of such design being accomplished."

This instruction was modified by striking out the words "reasonable ground," and substituting in lieu thereof the words "good grounds honestly entertained."

His tenth instruction charged the jury that:

"The defendant had the right to do, and is justifiable under the law in having done, at the time of the homicide, whatever he had reasonable grounds to believe, and that he did believe therefrom, was necessary to protect his life or limb from death or great bodily harm at the hands of the deceased, whether there was any real or actual danger or not."

This instruction was modified by the court, so as to read as follows:

"That the defendant had the right to do, and is justifiable under the law in having done, at the time of the homicide, whatever he had good grounds to believe, and he did in good faith believe therefrom, was necessary to protect his life or limb from immediate death or great bodily harm at the hands of the deceased, whether there was any real or actual danger or not."

His eleventh instruction charged the jury that:

"He also had the right to act upon appearances that were in their nature sufficient to raise in his minds a reasonable ground to apprehend that he was in imme-

diate danger of death or great bodily harm at the hands of the deceased, regardless of whether there was any real or actual danger or not."

This instruction was modified by leaving out the words "reasonable" and inserting the word "good."

None of defendant's instructions, so modified, were read to the jury.

The objection urged to the instruction for the state and to the modifications made in appellant's instructions is that by charging the jury in the state's instruction that appellant must have had "good reason" to believe, etc., and in the modifications to appellant's instructions that he must have had "good ground" to believe, etc., the court imposed too great a burden upon appellant; the word "good" being stronger than the statutory word "reasonable," and the argument being in effect that in order for the ground of his belief to be good he must have been in actual danger, while the law is that he need not have been in actual, but only in apparent danger. It seems to us that there is very little practical difference in the meaning in this connection of the statutory words "reasonable ground to apprehend" and the words "good reason to believe," used in the state's instruction. If there is any difference at all in the meaning of these words, the distinction is too shadowy to be of any practical importance here. Neither is there any practical difference in this connection between the words "reasonable ground" and "good ground." In fact, the words "good ground" are practically synonymous with the words "good reason," and must have been so understood by the jury, and therefore no harm was done defendant by the modifications.

In one of these modifications it will be noticed that the court charged the jury that appellant's belief that he was in danger must have been "honestly entertained," and in another that he must have so believed "in good faith." These modifications are objected to on the ground

that, when the jury was charged that defendant "must believe," etc., the charge carried with it necessarily the idea that he must believe in good faith, and when to this charge the court added specifically that he must so believe, the modification carried with it the idea, and may have caused the jury to believe, that the court doubted appellant's good faith in killing the deceased. It is true that belief is necessarily predicated upon good faith, for a man cannot well believe a thing in bad faith. If he believes at all, he does so honestly and in good faith. Good faith, however, is the very essence of self-defense, and there can be no objection to the court so charging the jury specifically.

In so far as these instructions attempted to charge the jury with reference to appellant's good faith, and with reference to the fact that he must act upon resaonable ground, they were correct as tendered to the court, and all of these modifications were useless but were not prejudicial, for the reason that they did not materially change the meaning of the instructions. Where an instruction as requested properly announces the law, it is better to give it as requested, for this is clearly the meaning of section 793; but, as was said in *Mask* v. *State,* 36 Miss. 94:

"While, therefore, we admit the soundness and force of the views of counsel as to the impolicy, as a general rule, of the unnecessary interference of the court in modifying instructions for the defendant, drawn with legal accuracy and precision, both as to the terms employed and the principles declared, yet this is matter of discretion and taste, for their determination, and not ours, so long as they properly declare the law given in charge."

All of these instructions, however, were not necessary in order that appellant's theory of his case could be intelligently presented to the jury, for the reason that some of them simply announced the same principle in different language, and, moreover, appellant's given instruction

No. 8, when read in connection with the state's instruction, fully presented to the jury the law of self-defense. When the court has once clearly charged the jury with reference to any principle of law which should govern it in arriving at a verdict, it is not required to again charge the jury with reference thereto at the request of the party at whose instance the first instruction was granted.

Appellant also complains of the granting by the court at the request of the state of the following instruction:

"In reaching your conclusions as to the facts, and in your consideration of the evidence, you are the sole and only judges of the weight of the testimony and the credibility of the witnesses; but it is right and proper, in determining the weight to be given to the testimony of any witness, that you should take into consideration the character of the witness, his opportunity for correct observation, his powers of recollection, the reasonableness of his story in view of undisputed facts, and everything and anything in connection with the witnesses which according to human reason and in the light of human experience will aid in the determination of the question as to the proper credence to be given their stories."

The ground of this objection is that appellant was the only witness who testified in his behalf on the material points of the case, and therefore the instruction was necessarily aimed at his testimony. If the court committed error in granting this instruction, it was cured by the first paragraph of the first instruction granted appellant. *Vails* v. *State,* 94 Miss. 365, 48 So. 725.

*Affirmed.*