MURPHY *v.* STATE.

[80 South. 636, Division B.]

1. CRIMINAL LAW. *Instructions. Credibility of witnesses.*

An instruction for the state in a criminal case is not reversible error, as being on the weight of evidence, which directs the jury's attention to the situation and location of the witnesses with reference to the scene of the difficulty.

2. CRIMINAL LAW. *Instructions. Credibility of accused.*

An instruction for the state in a criminal case, that in determining the credibility of witnesses, the notice and interest any witness may have may be considered, does not single out the defendant as a witness in her own behalf, where she was not the only witness who testified for the defense, her father having also · testified for the defense.

3. CRIMINAL LAW. *Instructions. Cured by other instructions.*

Even though an instruction for the state may indirectly suggest the interest of the defendant on the point of credibility, yet this is not reversible error· where the jury reading all the instructions together could have no doubt about their right and duty to consider carefully the testimony of the defendant as a witness in her own behalf.

APPEAL from the circuit court of Stone county.

HON. J. H. NEVILLE, Judge.

Ida Murphy was convicted of assault with intent to kill and appeals.

The facts are fully state in the opinion of the court.

*Mize & Mize,* for appellant.

Counsel for the state cite the case of *Vail v. State,* 94 Miss. 365, in which it was held that the error of the instruction complained of in that case was cured by one given for the defendant. It further appears that there was another witness to nearly all the material facts of the case. That case is very different from the case at bar. In the instant case, the only witness to the actual facts of the fight, for the defendant, is the defendant herself, the other two testifying to threats previously made only, and their testimony, if believed, would not have entitled the defendant to an acquittal. In the Vail case, the instruction given for the defendant that he was a competent witness in his own behalf was much more elaborate than the one procured by the defendant in the instant case, and in that case there was another witness to all the material facts of the homicide and testified in corroboration of the defendant, but such is not true of the case at bar.

We could cite other cases holding the same effect as those in our original brief, but they were referred to in the cases cited and we have not again cited them, but the line of authorities is unbroken that where the defendant is the only witness to the fact to testify, then it is error reversible to give this instruction. Of course it is true that if there are other witnesses to the actual facts then it is proper to give it as in the Vail case and a number of other cases where there were several witnesses, but not where the defendant is the only witness to the fact. The instruction should further have this clause in it: ''If, because thereof

you believe such witness or witnesses not entitled to belief.''

As before stated this is a close case on the facts, one witness saying it happened in one way and the defendant saying it happened another and these being the only witnesses to the actual difficulties, we respectfully insist that it was fatal error to give the instruction complained of which could have been directed at no other witness by the defendant.

We submit the case should be reversed.

*Frank Roberson,* Assistant Attorney-General, for the state.

The sole proposition in this case is whether the court erred in giving instruction No. 2 for the state. This instruction is as follows: ''The court instructs the jury for the state that you are the sole judge of the weight of the testimony and the credibility of the witnesses and in considering all the evidence in the case, you may take into consideration the situation and location of the witnesses with reference to the scene of the difficulty, the motive each may have for testifying and the interest any witness or witnesses may have in the result of the trial, and if after considering all the evidence, you believe that any witness or witnesses have corruptly, wickedly, and knowingly testified falsely about any material fact in the case you may disregard the testimony of said witness or witnesses altogether.''

Counsel for appellant seriously argue that this instruction should not have been given and that the case should be reversed, because it is directed at the defendant and singles out her testimony above that of other witnesses. In support of this proposition, he cites: *Smith* v. *The State,* 90 Miss. 111; *Gaines* v. *State,* 48 So. 182; *Chapman* v. *The State,* 102 Miss. 179; and *Piggott* v. *State,* 107 Miss. 552.

Also several other cases. These cases all hold that where the defendant himself is the only witness testifying in his behalf that an instruction such as was given the state in this case was error.

But the case at bar is not that kind of case, for the reason that two other witnesses testified for the defendant other than the appellant herself. These two witnesses, moreover, testified as to certain threats alleged to have been made by Mary Stewart against the appellant, the purpose of the testimony being to show that Mary Stewart was the aggressor rather than the appellant.

The purpose of the instruction complained of clearly shows that it was not intended, nor did it in fact single out the testimony of the appellant.

It may be that the defendant might be included within some phases of this instruction, but, as was said by the court in the case of *Vail* v. *State,* 94 Miss. 365, 48 So. 725, "so that it is not true of this case either that the defendant was the only witness testifying in his behalf or that this instruction necessarily pointed to him and him alone."

If it might be said that the instruction complained of, standing alone, was erroneous, the giving of instruction No. 2 for the defendant would cure it of any such error. This instruction is as follows: "The court instructs the jury that the defendant is a competent witness in her own behalf and her testimony is entitled to the same consideration as that of any other witness."

It is elementary that all the instructions in a case are to be taken together in announcing the law of the case. In the light of the facts of this case and the instructions given the state and the one just set out, it seems to me that the instruction complained of was properly given and at the most any error in the giving of the instruction was cured by the instruction given for the appellant. See the case of *Vail* v. *State, supra,*

wherein the court speaking through Chief Justice WHITFIELD, held that a similar instruction was cured by an instruction given the defendant.

The court will also note that in that case, attention was directed to the fact that the cases cited for the appellant in that case, being the same case as the one cited in the case at bar, were nearly all cases in which the defendant was the only witness in his behalf.

The instruction is also criticised as picking out part of the testimony and directing the jury's attention to that phase of the case. Counsel for appellant complain because 'the words "with reference to the scene of the difficulty" are used as descriptive in connection with the word "location." This contention is without merit for the reason that if the jury had the right to be instructed as to taking into consideration the location, and counsel admit that this might be done, it is certainly eminently proper for the court to advise the jury as to what location had reference to, and, of course, it means the scene of the difficulty. Moreover, this instruction picks out no part of the testimony at all.

I submit that this case should be affirmed, first because the instruction is proper in this case since two witnesses other than the appellant herself testified for defendant as to the material facts, and second, that any error in the instruction as an abstract proposition was cured in the giving of the instruction for the defendant.

STEVENS, J., delivered the opinion of the court.

On a former day of this term this cause was affirmed without a written opinion. Counsel for the appellant in a suggestion of error press the point that the following instruction granted the state constitutes reversible error. The instruction reads:

"The court instructs the jury for the state that you are the sole judges of the weight of the testimony and the credibility of the witnesses, and in considering all the evidence in the case you may take into consideration the situation and location of the witnesses with reference to the scene of the difficulty, the motive each may have for testifying, and the interest any witness or witnesses may have in the result of the trial, and if, after considering all the evidence, you believe that any witness or witnesses have corruptly, wickedly, and knowingly testified falsely about any material fact in the case, you may disregard the testimony of said witness or witnesses altogether."

The appellant was convicted of assault and battery with intent to kill and murder one Mary Stewart. The main facts are that appellant and Mary Stewart had an altercation in which the latter was seriously cut; and, according to the state's proof, appellant was the aggressor. The prosecutrix says that she was gathering pine knots near her home, when appellant came along the road in a wagon, called her out to the roadside, jumped out of the wagon, and without excuse or provocation attacked witness with a pocketknife and inflicted some eleven wounds, which caused witness to be confined in her bed approximately thirty days. The main details of the fight were denied by appellant as a witness in her own behalf. There were no other eyewitnesses to the main details of the difficulty, but two other witnesses for the state testified they heard appellant call Mary Stewart out to the roadside and saw them in a conversation near appellant's wagon. There is testimony for the state that no weapons were found upon the injured woman at the time of the difficulty.

In addition to the defendant as a witness in her own behalf, two witnesses testified that Mary Stewart made certain threats against the appellant, but the alleged threats were denied by Mary. One of the witnesses for the defendant was Jim Murphy, the father of appellant.

119 Miss.—15

On the trial of the case defendant asked for and received instruction No. 2, which is as follows:

"The court instructs the jury that the defendant is a competent witness in. her own behalf, and her testimony is entitled to the same consideration as that of any other witness."

It is earnestly insisted that the quoted instruction for the state singled out the defendant as a witness in her own behalf in violation of the rule announced in many previous decisions of this court, fully cited in the briefs, which condemn any instruction for the state which points out. the interest which a defendant has in her own case and which is calculated to discount the force and effect of the defendant's testimony. It is also contended that this instruction is upon the weight of the evidence.

This is not a case where the defendant was the sole witness for the defense. The instruction here criticized did not point directly to the defendant and could be condemned only upon the ground that it artfully suggested the interest of the defendant and did by indirection what could not lawfully be done directly. In the leading case on the point argued (*Buckley* v. *State.* 62 Miss. 705), the word "defendant" was used in the instruction, and the jury told that they could consider his interest in the result of the trial and might disregard his testimony altogether. Many of the other cases cited are cases where the defendant was the only witness to the main or controverted facts at issue, and the language employed was such as necessarily pointed to the defendant alone. The doctrine announced in *Buckley* v. *State* is perfectly sound and has been reaffirmed on many occasions, but this doctrine has its proper and reasonable limitations. The language of the instruction here under review is general and states more or less abstract propositions. We cannot say that it is good practice for the court, as in this instruction, to direct the attention of the jury to "the

situation and location of the witnesses with reference
to the scene of the difficulty;'' but the use of this lan-
guage could hardly mislead the jury, and consequently
we do not think it could be condemned as reversible
error upon the ground that it is upon the weight of
the evidence. As a matter of fact, the instruction as a
whole is simply a common sense statement of what
the jury already well knows. The nearest approach
to error is the language of the instruction that the
jury may consider ''the motive each may have for
testifying and the interest any witness or witnesses may
have in the result of the trial.'' The case at bar comes
nearer being like the case of *Vails* v. *State,* 94 Miss.
365, 48 So. 725, and the decision of the court by WHIT-
FIELD, C. J., states in apt language the situation which
now confronts the court and determines the conclusions
we should reach. This is especially true on the con-
tention made by the state that the granting of instruc-
tion No. 2 cured any possible error in the state's in-
struction. As stated by Judge WHITFIELD in the Vails
Case:

''If there is any error in this fourth instruction given
for the state on this point, it was certainly cured by
the eighth instruction, . . . given for the defendant
on the same point.''

Instruction No. 2 for the defendant was indeed a
stronger expression than the defendant was entitled to.
In it the court tells the jury that the defendant's ''tes-
timony is entitled to the same consideration as that of
any other witness.'' This instruction is the reverse of
the situation presented in the Buckley Case. Here the
court singles out the testimony of the defendant in her
own behalf and comes nearer telling the jury that her
testimony is entitled to the same degree of veracity as
that of any other witness in the case. The granting
of any instruction, either for the state or the defendant
which in express language compares one witness with
any other witness in the case, is of doubtful propriety

The jury without any instruction of the court are left unfettered to make comparisons between witnesses, and may reject the testimony of any witness in whole or in part. The jury, in their search for the truth, may accept and believe some of the statements of a witness and disregard all doubtful statements made by the same witness. It is their exclusive province to sift the whole evidence and separate the wheat from the chaff; to pick up a thread of truth here, and another there, and weave a completed tapestry of truth. And they may and should do this without an instruction either for the state or the defendant singling out and pointing to any particular witness, and asking specially that the jury give to the testimony of such witness "consideration," or view the testimony of such witness w'th suspicion. There may be exceptions to this general rule, but certainly when the defendant takes the witness stand the court is not justified in either discounting or bolstering up his testimony.

So we say that, conceding for the purposes of discussion that there was any error at all in the state's instruction, this error was cured by the very liberal instruction given the defendant, and, when the jury read all the instructions together, they certainly had no doubt about their right, indeed their duty, to consider carefully the testimony of the defendant as a witness in her own behalf.

Upon the main point argued, that the state's instruction was erroneous, we wish to say further that Jim Murphy, the father of the defendant, and Silas Grant, who appears to have lived with Jim Murphy, both testified for the defense. That portion of the instruction. then, which directed the attention of the jury to the motive and interest of any witnesses might reasonably have been construed as having reference to these two witnesses.

We unhesitatingly conclude, therefore, that the state's instruction does not constitute reversible error; and,

secondly, that if it should be .conceded for the sake of argument that the instruction was erroneous, any possible error was cured by the instruction given the defendant.

*Overruled.*