JONES *v.* STATE.

(Division A.   June 10, 1929.)

[122 So. 760.   No. 27927.]

*Holmes & Bowdre,* of Hernando, for appellant.

*J. A. Lauderdale,* Assistant Attorney-General, of Jackson, for the state.

Argued orally by *Paul H. Bowdre,* for appellant, and by *J. A. Lauderdale,* Assistant Attorney-General, for appellee.

McGowen, J., delivered the opinion of the court.

The appellant, Dave Jones, was tried and convicted of the murder of John Henry Johnson, and sentenced to serve a life term in the state penitentiary, from which sentence he prosecutes this appeal.

We shall not undertake to detail all the facts of this case more than to say that the issue was narrowed down to the version of two witnesses. The wife of the deceased testified that the defendant shot and killed her husband while sitting in his automobile, without any cause or reason therefor, and positively identified the appellant as the slayer of her husband. The appellant was the only other eyewitness who testified, and he denied that the fatal shot was fired by him, stating that the shot was fired by some unknown person who escaped. There were other witnesses who testified, but not as to the detail of the material facts of the homicide. No other witness offered by the appellant undertook to explain the details of the homicide, or stated that he was present at the time of the killing. All the other evidence for the state and the defendant was competent only because of the testimony of the wife of the deceased and that of the appellant.

In this state of the record, the district attorney secured from the court the following instruction, which is assigned as error here: "The court charges the jury for the state that you are the sole judges of the credibility of the testimony of the witnesses in the case and if you believe that any witness has knowingly, falsely and corruptly testified as to any material fact you are warranted in disbelieving all of the testimony of any such witness. And the court further instructs the jury that in passing upon the credibility of the testimony of the witnesses you may consider the manner and demeanor of the witness while on the stand, and any interest that the witness may have in the case if any such interest has been shown."

It is also assigned as error, and argued in the brief of the appellant, that the state failed to prove the venue.

1. As to instruction No. 1, set out in full above, it was reversible error in the state of this record to give an instruction directing the attention of the jury to the in-

terest of the defendant. From the appellant's standpoint, he was the only eyewitness introduced, and the only witness in the case to whom, legally speaking, interest might be attributed; and this instruction called undue attention to the evidence of the appellant, as the issue was clearly defined as between the one witness for the state and the appellant in his own behalf.

In *Poole* v. *State*, 100 Miss. 158, 56 So. 184, this court held that it was not reversible error to give an instruction to the same effect as the one here considered, and said: "It is very earnestly insisted that the charge was aimed at the defendant; but we have just pointed out above that there were two other witnesses, besides the defendant, one who testified expressly, and the other practically, like the defendant himself, and we cannot say, in view of this, under our previous holding that this instruction was aimed at the defendant."

In *Hughey* v. *State* (Miss.), 106 So. 361, this court held, in substance, in passing upon the same instruction, as follows: "The appellant and her husband both testified for the defense, as well as some other witnesses, and other witnesses for the state. Their version of the transaction was entirely different. The instruction was not aimed at any witness particularly, but applies to any witness in the case, and it was not error to give the instruction."

In *Jones* v. *State*, 130 Miss. 703, 94 So. 851, this instruction was held not to be reversible error, and the court said: "It has been decided by this court in a number of cases that, where the defendant is the only witness testifying in his own behalf, this instruction is erroneous and, while the defendant did not testify in this case, counsel contends that this instruction singles out the wife of defendant, and that the rule applies as well where the wife of the defendant is the only witness testifying to material facts in her husband's defense. We do not think this contention is maintainable. The wife occupies

the same position as any other witness, and under section 1923, Code of 1906, section 1583, Hemingway's Code [1917], any witness may be examined touching his interest in the cause.''

We have adverted to the above cases·in order to show that upon the facts in these cases it was clearly not error to grant this instruction, and also to show that these cases are clearly differentiated by the court in the facts, as stated, from the facts in this case. Where the appellant is the only witness in his own behalf, and is clearly the only person connected with the trial who has interest in the case, it is error for the court by this instruction to point out the fact of his interest as a matter to be considered by the jury in determining his guilt or his innocence. This rule, as to this instruction, is upheld in the cases of *Buckley* v. *State,* 62 Miss. 705, *Woods* v. *State,* 67 Miss. 575, 7 So. 495, *Townsend* v. *State* (Miss.), 12 So. 209, and *Pigott* v. *State,* 107 Miss. 552, 65 So. 583.

In the *Townsend case, supra,* the court said: ''The defendant was not the only witness on his behalf, but he was the only one interested in the result of the jury's verdict, in any proper sense. The instructions unmistakably singled him out, and marked him for discredit by the jury. It is not true, moreover, that, because of his interest in the result of the verdict, the jury might arbitrarily reject his evidence, and refuse to consider it.''

For the giving of this instruction, this case must be reversed and remanded for another trial, and for that reason we have not discussed the facts at length.

It is true that in a proper case this instruction may be given relative to the interest of witnesses in criminal cases where the jury and every sensible man knows that the defendant who is on trial is vitally interested, his life or liberty being at stake, and it would seem to be the better part of discretion on the part of trial judges to avoid calling attention unduly to the interest of the. defendant on trial.

2. Mr. Blythe, as witness for the state, testified that John Henry Johnson, the deceased, died in an old furniture store of Mr. Allen's in Lake Cormorant, in De Soto county, Mississippi. This is sufficient proof of venue, as under section 1223, Hemingway's 1927 Code (section 1407, Code 1906), the prosecution for murder may be had either in the county where the cause of death is inflicted or in the county where the death occurs. There is no merit in this contention.

For the giving of instruction No. 1, this cause is reversed and remanded.

*Reversed and remanded.*