HOXIE v. HADAD.

(Division B. Feb. 1, 1943. Suggestion of Error Overruled March 1, 1943.)

[11 So. (2d) 693. No. 35222.]

Culkin, Laughlin & Thames, of Vicksburg, for appellant.

**Brunini & Brunini,** of Vicksburg, for appellee.

**Alexander, J.,** delivered the opinion of the court.

Appellant was plaintiff in this suit. She alleges that she suffered injury to her eyes and vision when a bottle of liquid was negligently allowed or caused to fall from a package of groceries she had delivered to defendant's cash stand or counter to be checked out and paid for. It is sufficient to state that plaintiff was a customer of defendant and had selected certain merchandise from its shelves which she arranged in two baskets furnished to her and had brought these to the counter in a manually controlled pushcart likewise furnished. After removing one of the baskets and checking the contents, defendant's clerk reached over and raised the other basket to the counter. This act caused the bottle of a cleaning or bleaching agent to roll off and fall to the floor where it broke and its fumes or essences became diffused, causing plaintiff's injuries.

Assuming that an issue of negligence is presented as to the act of the clerk in allowing or causing the bottle to roll off the package, such issue was presented to the jury and its action thereon, unfavorable to her, may not be disturbed. In no event, in view of the conflict in the testimony, should the trial court have granted to plaintiff a peremptory instruction.

We shall discuss further only the alleged error in the granting to the defendant the following instruction: "The Court instructs the jury for the defendant that if you believe from the evidence that any witness who has testified in this case is interested in the result of this suit as a party or otherwise, then, in determining the

credit to be given such witness, the jury may take into consideration such interest as the evidence shows such witness has, together with all the other facts and circumstances disclosed by the evidence, if any, which will aid the jury in arriving at and determining the credit to which the testimony of such witness is entitled.'' Defendant is correct in his contention that this instruction is an exact counterpart of that allowed in Yazoo & M. V. R. Co. v. Alexander, 182 Miss. 654, 179 So. 266. Yet plaintiff argues that, since she was the only witness toward whom the import of the instruction could reasonably be aimed, it falls under the condemnation of Potera v. City of Brookhaven, 95 Miss. 774, 49 So. 617; Hooks v. Mills, 101 Miss. 91, 57 So. 545, and other cases. Plaintiff was not her only witness; she had called defendant as an adverse witness but nevertheless as her own witness. The testimony of her physician was also taken. The instruction was two-edged; both parties were presumably ''interested.'' There were several witnesses for the defendant, some of whom were employees of defendant.

We do not however defend this instruction but rather disparage its use. The failure of the court in Yazoo & M. V. R. Co. v. Alexander, supra; to disapprove same was sought to be justified by Allen v. Lyles, 35 Miss. 513; Callas v. State, 151 Miss. 617, 118 So. 447. In the former case the defect revealed was that the jury were required to accept as true the uncontradicted testimony of an interested witness; in the latter, the giving of an instruction similar to the one here attacked was held not error because similar instructions were given to the appellant. A substantially similar instruction was condemned in D'Antoni v. Teche Lines, Inc., 163 Miss. 668, 143 So. 145. Instructions of like import have been deplored in Potera v. Brookhaven, 95 Miss. 774, 49 So. 617; Hooks v. Mills, 101 Miss. 91, 57 So. 545; M. & A. Motor Freight Lines v. Villere, 190 Miss. 848, 1 So. (2d) 788. The vice in the instruction is that it violates Code 1930, Section 586,

which forbids comment by the trial court upon the weight of the evidence. While its use was saved from error in Vails v. State, 94 Miss. 365, 48 So. 725, and in Murphy v. State, 119 Miss. 220, 80 So. 636, 637, because cured by other instructions or because it was not ostensibly directed to the testimony of a particular witness, the court in the latter case in discussing the instruction stated "we cannot say that it is good practice."

Although Code 1930, Section 1527, removes the disability of a party from testifying because of his interest, it does not justify an instruction to the jury in violation of Section 586. We see no duty here to reconcile or revise the decisions above referred to but take this occasion to say that the instruction, while declaring self-evident generalizations, makes no contribution to the power and prerogatives of the jurors whose experience and common sense make of it a truism. See Miss. Law Journal, Vol. XII, No. 3, pp. 265, 286. If it be conceded as error to give it, it was harmless and not reversible. On the other hand, its refusal by a trial court is to be commended as a clearer interpretation of Section 586.

The giving of the following instruction for the defendant is also assigned as error:

"The Court instructs the jury that the burden of proof is upon the plaintiff to prove by the greater weight of the credible evidence in this case that she received her injuries, if any, as the proximate result of the negligence of the defendant, and that unless she has done so, it is your sworn duty to find for the defendant.

"That you have no right to compromise in your verdict between the question of liability and the amount of damages; that if you shall find that according to the law as given to you in the instructions of this Court, under the evidence in the case, that the defendant is not liable, then the plaintiff is not entitled to recover any sum whatsoever, and it is your sworn duty to so find by your verdict.

"That you must not arrive at your verdict by lot or chance; that not one of you should consent to a verdict which does not meet with the approval of his own judgment and conscience after due deliberation with his fellow jurors and fairly considering all of the evidence admitted by the Court and the law as given in the instructions of the Court.

"That the mere fact—if you should so find—that an accident happened to Mrs. Hoxie, by which she received injuries, does not raise a presumption that it was due to any negligence of the defendant."

We are unable to find any error here. We think that despite the inaptitude, disadvantageous to the defendant itself, that the plaintiff may recover for adequately proven injuries suffered as the proximate result of "the negligence" of the defendant, it truly instructs the jury in respects in which experience has indicated a need exists.

Affirmed.