REED *v.* STATE.

No. 41175          June 8, 1959          112 So. 2d 533

*J. W. Kellum,* Sumner, for appellant.

*G. Garland Lyell, Jr.,* Asst. Atty. Gen., Jackson, for appellee.

ETHRIDGE, J.

Appellant, John L. Reed, was convicted in the Circuit Court of Lowndes County of assault and battery with intent to kill Mahlon Vickery, Chief of Police of the City of Columbus, and was sentenced to serve five years in the state penitentiary. The jury was amply warranted in finding, as it evidently did, that he was guilty of a willful assault and battery upon Chief Vickery with an intent to kill him. Vickery was in his office unarmed when Reed, a policeman, shot him several times with a pistol. Appellant concedes there was "ample testimony to warrant the jury in finding the appellant guilty." In fact, the overwhelming weight of the evidence supports the jury's finding of guilt.

The State obtained eight and the defendant twenty-five instructions. The latter fully set forth his version of self-defense and the law with reference to his rights. His principal assignment of error is directed to Instruction Number 1 given the State: "The Court instructs the jury for the State that you are the sole judges of the credibility of the witnesses who testify in this case, and in determining what weight you should give the testimony of any witness, you have the right to consider their demeanor upon the witness stand; what interest, if any, they have in the results of the trial, if it has been shown by the evidence they have any, and all other facts and circumstances in the evidence in this case."

■■■ Appellant contends it was reversible error to give this instruction. He was the only witness in his defense on the facts of the case. He also offered six character witnesses as to his general reputation in the community for peaceableness. Appellant argues Number 1 was reversible error, because it directed the jury's attention to his interest in the result of the trial and commented by inference on his testimony. He relies upon a line of case holding such an instruction to be error where defendant is the only witness in his behalf on the facts. Buckley v. State, 62 Miss. 705 (1885); Woods v. State, 67 Miss. 575, 7 So. 495 (1890); Townsend v. State, 12 So. 209 (Miss. 1892); Smith v. State, 90 Miss. 110, 43 So. 465 (1907); Gaines v. State, 48 So. 182 (Miss. 1909); Chatman v. State, 102 Miss. 179, 59 So. 8 (1912); Pigott v. State, 107 Miss. 552, 65 So. 583 (1914); Jones v. State, 154 Miss. 640, 122 So. 760 (1929); Thompson v. State, 158 Miss. 121, 130 So. 112 (1930); State v. Jennings, 50 So. 2d 352 (Miss. 1951). The condemnation of this instruction does not apply where there are witnesses for defendant on the facts other than the defendant himself. Hughey v. State, 106 So. 361 (Miss. 1925); Thompson v. State, supra; Murphy v. State, 119 Miss. 220, 80 So. 636 (1918). Nor does it

exist where the wife of the defendant is his only witness on the merits. Jones v. State, 130 Miss. 705, 94 So. 851 (1923). However, since appellant was his only witness on the facts, we think it was error for the trial court to give State's Instruction No. 1, but that the error was harmless and non-prejudicial.

Defendant obtained twenty-five instructions setting forth in full his defenses and theories. In several of his instructions, particularly Number 22, attention was called to his testimony. Defendant's Instruction Number 22 states: ''The court instructs the jury for the defendant that the law makes the defendant a competent witness for himself, and permits him to testify in his own behalf, and his testimony you cannot arbitrarily, under your oath, disregard, simply because he is the defendant in the case; but it is your duty to consider Reed's testimony, as you consider the testimony of any other witness in this case, and, if you have no other reason to disbelieve him as a witness than the fact that he is the defendant in the case, then it is your sworn duty to believe him, and believe that he spoke the truth, and it is sufficient, in connection with the other testimony in this case, to raise in your minds a reasonable doubt of his guilt, then you should find him not guilty, and the form of such a verdict may be: 'WE, THE JURY, FIND THE DEFENDANT NOT GUILTY.' ''

In the foregoing instruction defendant called attention to his own testimony, and by clear implication referred to his own interest in the case as not warranting disbelief in him as a witness; and if there is no other reason to disbelieve him than ''the fact that he is the defendant in the case, then it is your sworn duty to believe him, and believe that he spoke the truth, . . .'' This latter, quoted part of Number 22 was clearly more than appellant was entitled to and has been condemned. Coleman v. State, 22 So. 2d 410 (Miss. 1945); see also Dun-

bar v. State, 159 Miss. 603, 132 So. 748 (1931). Defendant's Instruction Number 4 told the jury it was the sole and only judge of the weight and worth of the testimony of the witnesses. His Number 8 called attention to his testimony and said, ''all that is required of the defendant is that he, by his testimony, raise a reasonable doubt . . .'' as to guilt. His Instruction Number 13 states: ''The court instructs the jury for the defendant that, under the law, he is a competent witness in his own behalf, and that you have no right to disbelieve him merely because he is the defendant, and his testimony is entitled to such weight, faith, and credit as you may think proper to give it.''

In view of the instructions granted defendant, and particularly Number 22, it is manifest that the jury was amply instructed on all points pertinent to the defense, and his Number 22 cured whatever error there might have been in State's Instruction Number 1. The former, at appellant's own request, directed the jury to consider Reed's testimony as that of any other witness, and not to arbitrarily ignore him, ''simply because he is the defendant in the case.'' At his own instance, appellant called to the attention of the jury his interest in the case. So the argument that State's Instruction Number 1, in general terms, impliedly called to the jury's attention his interest in the result, is to say the least anomalous, and an inconsistent position by defendant. We will not reverse the trial court for an error created by the defendant's own instruction. Two earlier cases hold to the same effect on this precise issue.

In Vails v. State, 94 Miss. 365, 48 So. 725 (1908), the defendant was convicted of manslaughter. He claimed self-defense. The State was granted an instruction similar to Number 1 for the State in this case. The Court said that it ''must be taken in connection with'' an instruction given defendant similar to Reed's Number

22. The opinion said: ''We remark, first, that if there was any error in this fourth instruction given for the state on this point, it was certainly cured by the eighth instruction, just above set out, given for the defendant on the same point. It would be difficult, indeed, to frame an instruction on this point more favorable to the defendant than this said eighth instruction is.'' As a second reason, the opinion in *Vails* noted there was another witness for the defense in addition to appellant. But the Court based its decision on both of the stated reasons; the curative instruction theory is part of the *ratio decidendi* of the case.

This interpretation was confirmed subsequently in Matthews v. State, 108 Miss. 72, 78, 66 So. 325 (1914). Defendant was convicted of murder, and was the only witness in his behalf on the facts. The State obtained an instruction somewhat similar to the State's Number 1, and apparently defendant obtained one substantially similar to Reed's Number 22. To appellant's complaint concerning the State's instruction, this response was made: ''The ground of this objection is that appellant was the only witness who testified in his behalf on the material points of the case, and therefore the instruction was necessarily aimed at his testimony. If the court committed error in granting this instruction, it was cured by the first paragraph of the first instruction granted appellant. Vails v. State, 94 Miss. 365, 48 So. 725.'' See also Murphy v. State, 119 Miss. 220, 228 80 So. 636 (1918); Callas v. State, 151 Miss. 617, 630, 118 So. 447 (1928); Hoxie v. Hadad, 193 Miss. 896, 899-901, 11 So. 2d 693 (1943); 1 Alexander, Miss. Jury Instructions (1953), Sections 1641, 1642; 2 Alexander, Ibid., Sections 4973, 4992. Hence we conclude that State's Instruction Number 1, although erroneously given, is not reversible error, but was entirely harmless and non-prejudicial, under the circumstances, and was cured by Reed's Instruction Number 22.

██ ██ In addition, it is a well settled rule of appellate review, both at common law and under Rule 11 of this Court, that a judgment will not be reversed on the ground of misdirection to the jury, "unless it shall affirmatively appear, from the whole record, that such judgment has resulted in a miscarriage of justice." Clearly the latter contingency cannot exist here. ██ ██ The overwhelming weight of the evidence reflects appellant's guilt. An impartial jury, duly mindful of the obligations of their oaths, could not reach a different result. Brown v. Addington, 102 So. 2d 365 (Miss. 1958); Annotations, 29 Miss. L. J. 381-385 (1958). So for both of these reasons, the judgment of the circuit court is affirmed.

Affirmed.

*McGehee, C. J.,* and *Lee, Kyle, Arrington* and *Gillespie, JJ.,* concur.

HALL, J., Dissenting:

With deference I am impelled to dissent from the conclusion of the majority in this case and I do so not because I think the appellant is innocent but because I think that the decision of the Court has the effect of repealing Sec. 1691, Code of 1942, which is as follows: "The accused shall be a competent witness for himself in any prosecution for crime against him; but the failure of the accused, in any case, to testify shall not operate to his prejudice or be commented on by counsel."

By Instruction No. 1 given the State the first portion of the above section of the Code is virtually nullified. And the jury in effect was told that they might disbelieve the appellant simply because he is interested in the outcome of the case. This Court has on several occasions had occasion to express itself with reference to a similar instruction particularly where the defendant

was the only witness who testified on the facts of the case. In Buckley v. State, 62 Miss. 705, 706-707, the Court said: "The jury had no right to disregard the testimony of the defendant merely because he was such and deeply interested in the result. The statute makes a defendant a competent witness, and while it is for the jury to determine the weight to be given to his evidence, it is not allowable for the court to annul the statute in effect by admonishing the jury of the interest the defendant has in the result and authorizing it capriciously and wantonly to disregard his evidence completely and entirely because of such interest. This interpretation may have been put on the sixth instruction, although not so intended by the learned judge who gave it, *and it was not cured by the proper instructions for the accused on the same subject.* (Emphasis mine.) His own testimony may be the only shield of an innocent person. A defendant has the right to submit his testimony to the jury to be judged of by it, uninfluenced by any suggestions of its probable falsity or an authorization to the jury to throw it aside as unworthy of belief because of the strong temptation to the defendant to swear falsely. There is little danger that juries will be unduly influenced by the testimony of defendants in criminal cases. They do not need any cautioning against too ready credence to the exculpation furnished by one on trial for a felony. The accused should be allowed to exercise his right to testify unimpaired by any suggestions calculated to detract from its value in the estimation of the jury."

In the case just quoted from the defendant was the only witness in his behalf on the facts and the Court there said that the error was not cured by instructions for the accused, yet the Court in this case has done just exactly what Judge Campbell held against in the Buckley case, that is, it has held that an instruction for the accused in this case cured the error.

In the case of Woods v. State, 67 Miss. 575, 576, the Court said: "The case must be reversed, however, because of the error of the court below in granting the one charge asked by the state. The appellant was the only witness offered by the defense, and this one charge is clearly obnoxious to the condemnation pronounced in Buckley v. The State, 62 Miss. 705. The only safety of the defendant lay in his own testimony, and, as was said with great force in the case just referred to, 'he had the right to submit his testimony to the jury to be judged of by it, uninfluenced by any suggestions of its probably falsity, or an authorization to the jury to throw it aside as unworthy of belief because of the strong temptation of the defendant to swear falsely.' "

In the case of Pigott v. State, 107 Miss. 552, 558-559, 65 So. 583, the Court said: "Appellant complains that the court erred in giving the second instruction for the state, which reads:

" 'The court instructs the jury that you do not have to believe a witness just because he testified in the case, and, in passing on the testimony of any witness, you may take into consideration the interest of such witness, if he has any, and believe or disbelieve any witness as you believe the truth is from all the testimony in the case.'

"This instruction should not have been granted. Under the facts of this case, it is necessarily directed to the testimony of appellant. It singles out and marks him for discredit. Such instructions have been condemned by this court. Buckley v. Dunn, 67 Miss. 710, 7 So. 550, 19 Am. St. Rep. 334; Woods v. State, 67 Miss. 575, 7 So. 495; Townsend v. State, 12 So. 209."

In Jones v. State, 154 Miss. 640, 645, 122 So. 760, the Court said: "Where the appellant is the only witness in his own behalf, and is clearly the only person connected with the trial who has interest in the case, it is error for the court by this instruction to point out the

fact of his interest as a matter to be considered by the jury in determining his guilt or his innocence. This rule, as to this instruction, is upheld in the cases of Buckley v. State, 62 Miss. 705, Woods v. State, 67 Miss. 575, 7 So. 495, Townsend v. State (Miss.), 12 So. 209, and Pigott v. State, 107 Miss. 552, 65 So. 583.''

The Court quoted with approval from the Townsend case as follows: ''The defendant was not the only witness on his behalf, but he was the only one interested in the result of the jury's verdict, in any proper sense. The instructions unmistakably singled him out, and marked him for discredit by the jury. It is not true, moreover, that, because of his interest in the result of the verdict, the jury might arbitrarily reject his evidence, and refuse to consider it.''

In the case of Smith v. State, 90 Miss. 111, 43 So. 462, 122 Am. St. Rep. 313, the Court said in discussing this instruction: ''The court charges the jury that they are the sole judges and weighers of the testimony and the credibility of the witnesses and in passing upon the testimony of any witness the jury may take into consideration the interest such witness may have in the result of the trial, if any, such (as) has been shown by the testimony in the case. * * *

''We think it was error to give the state's second instruction. The defendant was the only witness to the fact in his own behalf, and the charge would have been no stronger if it had called his name and cautioned the jury, in its own language, to 'take into consideration the interest such witness may have in the result of the trial.' His testimony should not be so hampered by such express reference.''

In the case of Chatman v. State, 102 Miss. 179, 59 So. 8, with reference to a similar instruction, the Court said: ''Appellant was the only witness who testified in her behalf in the court below, and her evidence, if believed by the jury to be true, entitle her to an acquittal. Con-

sequently, as held by this court in Smith v. State, 90 Miss. 111, 43 South. 465, 122 Am. St. Rep. 313, and. Gaines v. State, 48 South. 182, the granting of the second instruction requested on behalf of the state was fatal error.''

In Gaines v. State, 48 So. 182, 183, not reported in the State Reports, this Court said: ''Appellant being the only witness in his own behalf and testifying to a state of facts which, if believed by the jury, would result in his acquittal, it was fatal error to give the second and third instructions for the state. These charges, authorizing the jury to consider the interest of the witnesses and the fact that they had sworn falsely to some material fact, were, of course, pointed straight at the defendant, and are plainly condemned in Woods v. State, 67 Miss. 575, 7 South. 495, and Smith v. State, 90 Miss. 111, 43 South. 465, 122 Am. St. Rep. 313.''

The controlling opinion cites and relies on the case of Vails v. State, 94 Miss. 365, 48 So. 725, but that decision does not conflict with any of the cases cited in this dissent for the reason that Vails was not the only witness who testified in his behalf.

The controlling opinion says that instruction No. 22 obtained by the appellant cured the error in the State's instruction in this case. What the controlling opinion ignores is the fact that this Court has held that the granting of other instructions does not cure the error in the State's instruction. Furthermore the controlling opinion says that the appellant's instruction No. 22 points out the defendant in the case and therefore cured the error of the State's instruction in pointing him out. In my opinion, the argument in the controlling opinion is wholly untenable and completely cuts off the defendant from any effort to try to get the jury straightened out on the law of the case. The controlling opinion admits that the granting of the State's instruction No. 1 was error but dismisses the matter with the mere state-

ment that the error was harmless and nonprejudicial. Such a statement is entirely refuted by the numerous cases which I have hereinabove cited. This Court has repeatedly held that such an instruction is erroneous and that the error is not harmless and nonprejudicial. Regardless of everything said in the controlling opinion I think that in view of the authorities herein cited, the appellant is entitled to another trial under correct instructions and that the case should be reversed and remanded.

*Roberds, P. J.,* and *Holmes, J.,* concur in this dissent.