RODGERS, Justice.
The appellant, Henry Thomas Phillips, was indicted by the Grand Jury of Rankin County at the July Term 1966. He was arraigned, tried and convicted for the crime of “aiding an attempted jail break.” He was sentenced to serve a term of eighteen months in the State Penitentiary. He has^ appealed from the judgment of the trial court, and has assigned five grounds of error on which a reversal is sought.
We have examined the alleged errors, and find that only one merits the attention of this Court. We do not find it necessary to .discuss the facts and circumstances leading to the conviction of the defendant, because we have reached the conclusion that the case must be reversed. The defendant was the only witness introduced on his behalf during the trial. When the defendant concluded his testimony, the State requested and was granted the following instruction:
“The court instructs the jury for the State of Mississippi that you are the sole judges of the credibility of the witnesses who testify in this case, and in determining what weight you should give the testimony of any witness, you have the rights (sic) to consider their demeanor *364 upon the witness stand; what interest, if any, they have in the results of the trial, if it has been shown by the evidence (that) they have any, and all other facts and circumstances in the evidence in this case.”
We have repeatedly held that this instruction was erroneous, although it has been written in different forms. See Note.
In the case of Vails v. State, 94 Miss. 365, 48 So. 725 (1908), we pointed out that the foregoing instruction was erroneous, although it was not erroneously given in that case, because it was the opinion of the court that the instruction was cured by an instruction for the defendant. That instruction informed the jury that the testimony of the accused was competent and that his testimony could not be arbitrarily disregarded merely because he was the defendant. It pointed out, however, that his testimony should be considered as that of any other witness. In the Vails case, the defendant was not the only witness in his behalf.
In the instant case the defendant requested and was granted a similar instruction informing the jury that the defendant was a competent witness in his own behalf, and that the jury had no right to disbelieve him merely because he was a defendant. However, the instruction then informed the jury that his testimony was entitled to such weight, faith and credit as the jury thought proper to give it. The instruction granted to the defendant in the instant case did not cure the State’s erroneous instruction because it did not inform the jury that defendant’s testimony should be considered as that of any other witness. The jury was therefore left to believe that they could disregard his testimony because he had an interest in the outcome of the case.
Since the defendant was the only witness in his behalf, the above-quoted instruction was clearly upon the weight and worth of the defendant’s testimony, and was in violation of Mississippi Code Annotated section ■1530 (1956). The instruction was harmful and prejudicial to the defendant’s right to a fair trial. The case must therefore be reversed and remanded for a new trial in accordance with the foregoing opinion.
Reversed and remanded.
EÍHRÍDGE, C. J., áñd JONES, BRADY and SMITH, JJ., concur.
Note: Pendergraft v. State, 191 So.2d 830 (Miss.1966); Hall v. State, 250 Miss. 253, 165 So.2d 345 (1964); Jones v. State, 154 Miss. 640, 122 So. 760 (1929); Pigott v. State, 107 Miss. 552, 65 So. 583 (1914); Chatman v. State, 102 Miss. 179, 59 So. 8 (1912); Gaines v. State, 48 So. 182 (Miss.1909); Smith v. State, 90 Miss. 111, 43 So. 465 (1907); Townsend v. State, 12 So. 209 (Miss.1892); Woods v. State, 67 Miss. 575, 7 So. 495 (1890); Glenn v. State, 64 Miss. 724, 2 So. 109 (1887); Buckley v. State, 62 Miss. 705 (1885).