291 So.2d 693 (1974)
Alvie BRYSON
v.
STATE of Mississippi.
No. 47799.
Supreme Court of Mississippi.
March 11, 1974.
Henry H. King, New Albany, for appellant.
A.F. Summer, Atty. Gen., by Karen Gilfoy, Sp. Asst. Atty. Gen., Jackson, for appellee.
SMITH, Justice:
Alvie Bryson was tried in the Circuit Court of Union County on a charge of murder. He was convicted of manslaughter and sentenced to serve a term of 15 years in the penitentiary. From that conviction and sentence he has appealed.
Bryson shot and killed one Harris. He defended upon the ground that in shooting Harris he had acted in necessary self-defense. On this vital point the evidence was conflicting and the case was close as to Bryson's guilt.
Only one witness testified for the State who claimed to have seen the actual shooting. *694 Her testimony tended to contradict Bryson's contention that he had acted in necessary self-defense. Thus the evidence as to the circumstances existing at the very time Bryson had shot Harris consisted of the testimony of one State witness and the testimony of Bryson, testifying as a witness in his own behalf. The testimony of other witnesses, including Bryson's wife, related to events which preceded and followed the shooting.
At the request of the State, the court instructed the jury as follows:
The Court instructs the Jury for the State of Mississippi that in passing upon the testimony of the witnesses for the State and for the Defendant that you have the right to take into consideration the interest which any witness may feel in the result of this case, as shown by the facts and circumstances growing out of the testimony in the case and to give to the testimony of each and every witness only such weight as you think it entitled to under all the circumstances proven in the trial. (Emphasis added).
Section 1530, Mississippi Code 1942 Annotated (1956) "Instructions" provides, in part: "The judge in any cause, civil or criminal, shall not sum up or comment on the testimony, or charge the jury as to the weight of evidence. ..." (Emphasis added).
Section 1691, Mississippi Code 1942 Annotated (1956) provides:
The accused shall be a competent witness for himself in any prosecution for crime against him; but the failure of the accused, in any case, to testify shall not operate to his prejudice or be commented on by counsel.
This Court has said repeatedly that the testimony of an accused in a criminal case, when availing himself of the privilege granted by this statute, should have such weight and effect as the jury considers it deserves, unfettered by instructions from the court to weigh it carefully or with caution. Conn v. State, 205 Miss. 165, 38 So.2d 697 (1949); Woods v. State, 67 Miss. 575, 7 So. 495 (1890); Buckley v. State, 62 Miss. 705 (1885); Thomas v. State, 61 Miss. 60 (1883).
Moreover, the instruction given in this case and quoted above constituted a comment by the court on the testimony as well as upon the weight of the evidence, and contravened the express terms of section 1530, supra.
To say that an accused, facing a possible life sentence in the penitentiary, if convicted, has an "interest ... in the result of the case ..." is an understatement of classic proportions. Nor does the fact that a number of witnesses other than the accused may testify, who have no real or substantial interest in its outcome, disguise for a moment the fact that an instruction of this type is designed to draw the jury's attention to the testimony of the accused and to his crucial interest in the outcome or result. Its prejudicial effect is worsened when coupled with an expression of the court's view, as stated in the instructions, that the jury should consider his "interest in the result" of the case in weighing his testimony.
Where an accused avails himself of his statutory right to testify as a witness in his own behalf, an instruction such as that granted in this case should never be given. It is for the jury, not the court, to pass upon the credibility of the witnesses and the weight of their testimony, and under the terms of section 1530, supra, the court is forbidden to comment on these matters, either directly by written instructions or otherwise. The privilege of testifying, granted by the statute to an accused, would be of little or no value if the court may draw the jury's attention to his "interest in the result" of the case, at the same *695 time suggesting to the jury that, in weighing his testimony, it should take this interest into consideration.
Similar instructions have been condemned by this Court in former cases. Phillips v. State, 196 So.2d 363 (Miss. 1967); Pendergraft v. State, 191 So.2d 830 (Miss. 1966); Yelverton v. State, 191 So.2d 393 (Miss. 1966); Jones v. State, 154 Miss. 640, 122 So. 760 (1929).
In Phillips v. State, supra, this court made it perfectly clear that instructions such as this should never be given where the accused in a criminal case testifies as a witness in his own behalf. It is doubtful that this could be made clearer or be given greater emphasis than it was in Phillips. We can only invite the attention of the Bench and Bar to what this Court said in that case.
Because of the rationalization employed in some of the earlier opinions, we feel constrained to add that the fatal effect of an instruction such as this cannot be cured by coupling it with a contradictory instruction to the effect that the testimony of defendant may not be "arbitrarily" disregarded simply because he is the defendant, since the erroneous instruction already has drawn the attention of the jury to the defendant's "interest in the result" and, in effect, has told the jury that it should consider such interest in judging his credibility and in weighing his testimony. In such a case, the jury is told on the one hand that while it may not "disregard" an accused's testimony "arbitrarily," it nevertheless may do so because of his "interest" in the outcome of the case.
For the giving of the quoted instruction the case must be reversed and remanded for a new trial.
Reversed and remanded.
RODGERS, P.J., and PATTERSON, INZER and BROOM, JJ., concur.