343 So.2d 481 (1977)
James B. SUMRALL
v.
STATE of Mississippi.
No. 49513.
Supreme Court of Mississippi.
March 9, 1977.
Roy Pitts, Meridian, for appellant.
A.F. Summer, Atty. Gen., by Karen A. Gilfoy, Asst. Atty. Gen., Jackson, for appellee.
*482 Before GILLESPIE, SMITH and WALKER, JJ.
SMITH, Justice, for the Court:
James B. Sumrall was convicted of manslaughter in the Circuit Court of Lauderdale County and sentenced to serve 15 years in the penitentiary. The conviction must be reversed and the case remanded for a new trial for one reason only.
Sumrall was accused of having shot and killed his paramour and his defense was self-defense. He exercised his right to testify as a witness in his own behalf under the provisions of Mississippi Code Annotated section 13-1-9 (1972). In this situation, the State requested, and the trial court granted, an instruction which authorized the jury to consider "in determining whether witnesses will be believed or not," (among other things) "the motives and the interest of any witness." This notwithstanding the fact that this Court has repeatedly condemned the giving of such an instruction where the accused has testified as a witness. See Bryson v. State, 291 So.2d 693 (Miss. 1974), Pendergraft v. State, 191 So.2d 830 (Miss. 1966), Yelverton v. State, 191 So.2d 393 (Miss. 1966), Jones v. State, 154 Miss. 640, 122 So. 760 (1929), Pigott v. State, 107 Miss. 552, 65 So. 583 (1914), Chatman v. State, 102 Miss. 179, 59 So. 8 (1912), Smith v. State, 90 Miss. 111, 43 So. 465 (1907), Townsend v. State, 12 So. 209 (Miss. 1892).
The right accorded an accused to testify in his own defense would be of little value if the trial court itself might blight his testimony by instructing the jury that in deciding upon the credibility of the witness, it should consider the interest the witness has in the outcome of the case, since only the accused has such an interest and such interest is obvious and vital to him and to him alone. If the trial court may so instruct the jury, the exercise by an accused of his statutory right to take the stand would be hopelessly chilled and of little value if he did take the stand. Moreover, such an instruction is a direct comment by the trial judge upon the weight of the evidence and the credibility of the witnesses, particularly singling out the defendant, since he is, in fact, the one witness who has an interest in the outcome of the trial. This violates Mississippi Code Annotated section 99-17-35 (1972).
Although this Court has repeatedly condemned the giving of instructions of this type, the State has cited a case decided by this Court in 1898 as justification for the granting of the instruction. That case, Brown v. State, 75 Miss. 842, 23 So. 422 (1898) involved a charge of the sale of intoxicating liquor. The case was tried in the mayor's court on an affidavit charging the offense and the defendant, following conviction, appealed to the Circuit Court. He was again convicted, following a trial de novo, of having sold the whiskey. On appeal to this Court the giving of an instruction such as the one in this case was assigned as error. This Court, however, declined to reverse, saying:
Surely a defendant who offers himself as a witness on his own behalf does not occupy a position superior to that of other witnesses uncharged with crime. He must be content if placed upon the footing of all other witnesses. (Emphasis added).
(75 Miss. at 846, 23 So. at 423).
That, of course, is exactly what is wrong with the instruction. The defendant is not "placed on the footing of all other witnesses" by the instruction. Quite the contrary. He is singled out because he is the one person interested in the outcome of the case, and the jury is told by the trial judge in the instruction to take this into consideration in deciding whether to believe him or not.
The decisions of this Court both before and since Brown have consistently condemned the instruction. Moreover, Brown ignored and failed to follow the clear mandate of this Court in the earlier (1892) case of Townsend v. State, supra (and cases therein cited). But although Brown has never been followed and must be considered as having been overruled long since by implication, *483 it has never been expressly overruled. In order to clear the record and put the matter at rest finally the decision in Brown v. State, cited above, is expressly overruled.
The case before us is reversed and remanded for another trial.
REVERSED AND REMANDED.
GILLESPIE, C.J., PATTERSON and INZER, P. JJ., and ROBERTSON, SUGG, WALKER, BROOM and LEE, JJ., concur.